GOVERNMENT OF the VIRGIN
ISLANDS

v.

Edmund EDINBOROUGH, Appellant.

No. 79–2084.

United States Court of Appeals,
Third Circuit.

Argued April 22, 1980.

Decided June 9, 1980.

George M. Alexis (argued), Federal Public Defender, St. Thomas, U. S. V. I., for appellant.

Ishmael A. Meyers, U. S. Atty., Terry M. Halpern (argued), Asst. U. S. Atty., Charlotte Amalie, St. Thomas, U. S. V. I., for appellee.

Before ADAMS, MARIS and SLOVITER, Circuit Judges.

SLOVITER, Circuit Judge.

Rule 615 of the Federal Rules of Evidence provides for the sequestration of witnesses when requested by one of the parties. In this appeal we are asked to hold that the failure of the district court to sequester a witness is, without more, re-

versible error. Because we find that the action of the district court resulted in no prejudice to the defendant, we will affirm the judgment of the district court.

## I.

Defendant Edmund Edinborough was charged with raping the 13 year old daughter of his former wife on two occasions.[1] At his bench trial before the district court, the only witnesses testifying were the defendant himself, the 13 year old prosecutrix and the mother of the prosecutrix. The young girl was the first witness called, at which time the following colloquy took place:

> THE COURT: All right, let's proceed, call whichever witness you want first.
> [U. S. ATTORNEY]: Call [the prosecutrix].
> [DEFENSE COUNSEL]: May we have sequestration, please?
> THE COURT: Is her mother in court?
> [U. S. ATTORNEY]: Yes.
> THE COURT: No, I am not going to put the mother out while the child is testifying.

Defendant's counsel made no attempt to explain the basis for the requested sequestration and he did not thereafter move to exclude the testimony of the mother which was elicited later in the proceeding.

Defendant was convicted on all counts and sentenced to concurrent terms of imprisonment ranging from five to eight years.[2] The only ground raised on appeal is the court's failure to direct sequestration of the witness. Defendant argues that under Federal Rule of Evidence 615, sequestration of a witness is mandatory when a party makes a request, and the court's failure to sequester the mother in this case was reversible error even absent a showing of prejudice.

## II.

Sequestration of witnesses developed on the theory that falsehood could be detected by exposing inconsistencies in testimony. 6 Wigmore, Evidence § 1837 at 455 (Chadbourn rev. ed. 1976).[3] It prevents "the possibility of one witness shaping his testimony to match that given by other witnesses at the trial." *United States v. Leggett*, 326 F.2d 613 (4th Cir.), *cert. denied*, 377 U.S. 955, 84 S.Ct. 1633, 12 L.Ed.2d 499 (1964).

Rule 615 is a codification of this long-established practice of sequestering witnesses to discourage or expose fabrication, inaccuracy and collusion. *Hearings Before the Committee of the Judiciary, United States Senate, on Federal Rules of Evidence, H.R. 5463*, 93d Cong., 2d Sess. 154 (1974) (Testimony of Richard H. Keatings, Chairman, California Evidence Law Revision Commission). *See* Notes of Advisory Committee on Proposed Rules. The rule provides:

> Exclusion of Witnesses
> At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose pres-

---

1. The amended information under which he was tried charged two counts of rape in the first degree, in violation of V.I.Code Ann. tit. 14, § 1701(1) and (2); two counts of rape in the second degree in violation of V.I.Code Ann. tit. 14, § 1702, and one count of assault in the third degree in violation of V.I.Code Ann. tit. 14, § 297(2).

2. Defendant received eight year sentences on each of the first degree rape counts, and five year sentences on each of the second degree rape counts and on the third degree assault count.

3. The practice has existed since Bibical times. In *The History of Susanna* in the Apocrypha, Susanna was being tried before the assembly for adultery, solely on the testimony of two witnesses. Daniel separated the witnesses and questioned them. Their testimony differed on a material fact—the tree under which Susanna had lain when committing the adultery—leading to their convicting themselves "of false witness, by their own mouth." 6 Wigmore, Evidence § 1837 at 455–56 (quoting the Apocrypha).

ence is shown by a party to be essential to the presentation of his cause.

Fed.R.Evid. 615.

■ The mandatory language of the rule shows that it was intended to change the prior practice under which the trial court had discretion to determine whether a witness should be excluded.[4] See Advisory Committee's Note on Rule 615. Nonetheless, we do not read Rule 615 to require reversal in every instance in which there has not been full compliance with the rule. In fact, even when there has been a violation of a sequestration order, the witness is not necessarily disqualified.[5]

Decisions in other circuits which have considered the issue are in accord. In *United States v. Warren*, 578 F.2d 1058, 1076 (5th Cir. 1978) (en banc), the court considered the refusal of a trial judge to exclude the Government's witness from court during a suppression hearing and concluded that "the violation of . . . [R]ule [615 did] not . . . require the automatic exclusion of testimony, [unless] the defendants . . . demonstrate that the trial judge's error created sufficient prejudice to require reversal." *See also Cooper v. United States*, 594 F.2d 12, 14 (4th Cir. 1979) ("While Rule 615 does make exclusion ordinarily a matter of right, the trial judge still retains a measure of discretion" in determining whether a witness must be sequestered); *United States v. Bobo*, 586 F.2d 355, 366 (5th Cir. 1978), *cert. denied*, 440 U.S. 976, 99 S.Ct. 1546, 59 L.Ed.2d 795 (1979) (the failure of a witness to comply with a sequestration order would not render his/her testimony inadmissible absent a showing of prejudice); *United States v. Oropeza*, 564 F.2d 316, 326 (9th Cir. 1977), *cert.*

*denied*, 434 U.S. 1080, 98 S.Ct. 1276, 55 L.Ed.2d 788 (1978) (absent a showing of prejudice "[s]equestration of witnesses and sanctions for violations of a sequestration order are matters within the discretion of the court").

■ Although we expect that the trial courts will comply with the requirements of Rule 615, we hold that in the absence of other circumstances showing reversal is appropriate, the failure to sequester witnesses is not, in itself, grounds for reversal unless defendant can show prejudice resulting from the failure to sequester. In this case defendant has failed to show any prejudice. Defendant asserts that the story of the rapes was fabricated. However, defendant's counsel conceded on oral argument that the statements made by the prosecutrix and her mother at the time the offenses were reported did not differ materially from their testimony at trial. Furthermore, the mother and child continued to live together before, during and after the trial. There would have been ample opportunity for the mother and the child to have fabricated the story prior to the trial and, therefore, the failure to sequester the mother at trial was unlikely to have contributed to the alleged collusion.

### III.

■ It is also possible to view the circumstances of this case as falling within an explicit exception to Rule 615. Subsection (3) of the Rule permits an exception for "a person whose presence is shown by a party to be essential to the presentation of his cause." This indicates that Rule 615 has not entirely eliminated all judicial discretion, *Cooper v. United States*, 594 F.2d 12,

---

**4.** *See Holder v. United States*, 150 U.S. 91, 92, 14 S.Ct. 10, 10, 37 L.Ed. 1010 (1893) ("the right to exclude under particular circumstances may be supported as within the sound discretion of the trial court."); *Young v. United States*, 358 F.2d 429, 431 (9th Cir. 1966) (denial of a motion to exclude witnesses lies "within the discretion of the trial court."); *United States v. Postma*, 242 F.2d 488, 494 (2d Cir.), *cert. denied*, 354 U.S. 922, 77 S.Ct. 1380, 1 L.Ed.2d 1436 (1957) ("it is well established that exclusion of witnesses is a matter for the sound discretion of

the trial court."); *Powell v. United States*, 208 F.2d 618, 619 (6th Cir. 1953), *cert. denied*, 347 U.S. 961, 74 S.Ct. 710, 98 L.Ed. 1104 (1954) ("The exclusion of witnesses from the courtroom is a matter resting in the sound discretion of the trial court and the exercise of that discretion will not be disturbed except in case of clear abuse.").

**5.** See D. Louisell & C. Mueller, Federal Evidence § 371 at 601 (1979).

14 (4th Cir. 1979),[6] but rather has changed the burden of proof, 3 Weinstein & Berger, Evidence ¶ 615[01] at 615–8. While the party desiring sequestration previously had to convince the court to grant it, under Rule 615 sequestration must be given unless the party opposing the exclusion has convinced the court to exercise its discretion to except a particular witness from the sequestration order on the basis of his or her necessity to the presentation of a party's cause. The Advisory Committee provided two illustrations of the operation of subsection (3). The Notes to Rule 615 state "(3). The category contemplates such persons as an agent who handled the transaction being litigated or an expert needed to advise counsel in the management of the litigation. See 6 Wigmore § 1841, n.4." We believe the situation presented by this case illustrates another such example.

At oral argument, defense counsel suggested that so long as the child is a competent witness, the presence of one acting in loco parentis cannot be viewed as essential for purposes of subsection (3). We disagree. Persons unfamiliar with judicial proceedings often find that the necessity of testifying produces anxiety. It follows that children, particularly those who must testify about sexual molestation, will find the judicial experience even more frightening if they are required to testify in the unfamiliar surroundings of a sterile courtroom without the sight of a familiar and protective individual. Defendant's interpretation of Rule 615 would require the automatic exclusion of even the parents of a seven year old child. We conclude that subsection (3) authorizes the court to exercise its discretion to permit the presence of a parent of a young witness.

In order to come within the exception of subsection (3), the party opposing sequestration has the burden of showing why the subsection should be applied. No such showing was made in this case, although it appears that the prosecutor had no opportunity to advance any reasons because of the court's immediate rejection of the sequestration request. Furthermore, we view the rule to require that the trial court fully articulate the basis for the exercise of its discretion. In view of our disposition of this case on the grounds set forth in Part II above, we need not decide whether the judge's statement that he was "not going to put the *mother out* while *the child* [was] testifying," (emphasis added), reflected the court's conclusion that the mother was needed because of the witness' age. It would have been preferable to make a more explicit balancing of the factors considered by the court before it decided not to grant what would ordinarily be automatic sequestration upon request.

IV.

We also note that defense counsel failed to call Rule 615 to the court's attention when he requested sequestration and never informed the court of the defense theory that sequestration of the mother was necessary because of the defense contention that the claim of rape was prefabricated by the mother for some other purpose. In *United States v. Brown*, 547 F.2d 36, 38 (3d Cir. 1976), *cert. denied*, 431 U.S. 905, 97 S.Ct. 1698, 52 L.Ed.2d 389 (1977), where we considered the failure of counsel to specify the parts of the trial during which they wished the sequestration order to apply, we indicated that when motions for sequestration "are made in a context where counsel's desires may be ambiguous, a greater level of specificity is advisable." Had the defendant called Rule 615 to the court's attention and explained why the defense believed sequestration was needed, the court could have weighed the defense theory

---

6. In *Cooper v. United States*, 594 F.2d 12, 14 (4th Cir. 1979), both Simpson and his attorney were called by the Government to testify about a phone call. Since there were pending charges against Simpson, it was held not to be an abuse of discretion for the trial court to have permitted the attorney to remain in the courtroom during Simpson's testimony. The Court of Appeals noted that Simpson might have needed the protection of his counsel while testifying and held that the trial court still retains a measure of discretion in determining which witnesses should be excluded. *Id.*

against the child's need to have her mother present while testifying. As we have explained in rejecting appeals based on error by the trial court on matters which were not called to the trial court's attention, "a trial court should not be reversed on grounds that were never urged or argued in the court below." *Caisson Corp. v. Ingersoll-Rand Co.,* 622 F.2d 672 at 680 (3d Cir. 1980). *Cf. Walker v. Sinclair Refining Co.,* 320 F.2d 302, 305 (3d Cir. 1963) (en banc).

## V.

To recapitulate, under Rule 615 the prior practice has been changed and sequestration should be granted upon request. A party who believes that the presence of the witness is "essential" must bear the burden of supporting that allegation and showing why the policy of the Rule in favor of automatic sequestration is inapplicable in that situation. The party desiring sequestration must then be given an opportunity to show why sequestration is needed. Finally, the trial court should explicate the factors considered if sequestration is denied.

Because the appellant has not shown prejudice from the failure to sequester in this case, we will affirm the judgment of the district court.