798 F.2d 1416
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Virgil Powers LYNCH, Jr., (85-5171/4217), Karl F. Fessler
(85-5196), Defendants-Appellants.
 Nos. 85-5171, 85-5196, 85-5217.
 United States Court of Appeals, Sixth Circuit.
 July 8, 1986.
 
 Before MARTIN and GUY, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Virgil Powers Lyncht Jr. and Karl Fessler appeal their jury convictions for violations of the federal narcotics laws. Lynch was convicted of five counts of violating 21 U.S.C. Secs. 841(a)(1), 846 and 18 U.S.C. Sec. 2, and Fessler was convicted of one count of conspiring to violate 21 U.S.C. Sec. 841(a)(1) in violation of 21 U.S.C. Sec. 846. In seeking a new trial they make several arguments relating to prosecutorial misconduct. While a review of the trial transcript indicates errors were committed, we conclude they were harmless and certainly do not find them so egregious as to warrant reversal.
 
 
 2
 Lynch and Fessler lived in Miami and were suppliers of cocaine to distributors in Louisville, Kentucky. Among these distributors were several unindicted co-conspirators including Michael Lynch and his wife Roberta who testified against Lynch and Fessler.
 
 
 3
 Before trial, in August of 1984, DEA intelligence sources learned that appellant Lynch's life was in danger. This information was forwarded to the United States Attorney's Office in Louisville, which in turn advised Lynch's attorney, Lee Weissenborn, Weissenborn requested and received corroboration of this information from the district judge in an en camera proceeding. Because of the threats, extra security precautions were imposed at trial.
 
 
 4
 Both defendants claim that the "death threat atmosphere" created by the prosecutor affected their rights to a fair trial, and that the prosecutor made an improper inflammatory closing argument to the jury. Lynch further makes the inappropriate argument that the "death threat atmosphere" particularly coerced him into pleading guilty, and that the prosecutor failed to abide by discovery rules as were as a district court sequestration order. Lynch and Fessler also argue that the evidence showed at least three conspiracies, the trial judge erred in not instructing the jury on multiple conspiracies.
 
 
 5
 Because a large part of the defendants' argument hinges on a finding of prosecutorial misconduct, we begin our analysis with the proper standard for evaluating this argument. Prosecutorial misconduct must be "so pronounced and persistent that it permeates the entire atmosphere of the trial." United States v. Thomas, 728 F.2d 313, 320 (6th Cir.1984). The prosecution's pretrial disclosure of the death threat here did not amount to prosecutorial misconduct and did not deny the defendants a fair trial. Lynch's contention that the threats coerced him to plead guilty lacks any meaning because he never pled guilty; he was found guilty by a jury. While the statement by the Assistant United States Attorney that if Lynch did not plead guilty and enter the Witness Protection Program he "might as well go to Brazil," was unprofessional, it was not sufficiently prejudicial to warrant reversal.
 
 
 6
 In his closing argument, the Assistant U.S. Attorney made the following remarks:
 
 
 7
 In looking at this thing I start to think of an analogy of the spider and the fly. You have in this case a situation where you have two spiders, the Defendant, Karl Fessler and Virgil Powers Lynch, Jr., weaving a web of this cocaine where they catch these flys in it. The victims, the witnesses. They catch them in there because they know their weaknesses. The fact that they need money, the fact that they themselves have somewhat weak characters. They catch those people in that web of cocaine and won't let them go and usually if you know what happens to flys in spiders' webs, they usually don't make it. They usually die. But in this case, Ladies and Gentlemen, probably because of the United States stepping in in this case, Ladies and Gentlemen, those flys did survive and they come back to testify against the spiders....
 
 
 8
 (Defense objection was overruled at this point. The argument continued ...)
 
 
 9
 Ladies and Gentlemen of the Jury, in conclusion, I know it's been a long, long day and certainly a long two weeks, but I am going to ask you one thing. T think it's time to stamp out the spider, find the Defendants that are on trial here, guilty. It's time to destroy the web of cocaine that has extended upon this community. I will ask you to return a verdict of guilty as to both Defendants. Thank you very much.
 
 
 10
 Lynch and Fessler contend the argument was prejudicial because it suggested murder in a trial involving only drug charges. This argument was assessed by the trial court and found to be without merit. We agree. Unless the prosecutorial misconduct is "so pronounced and persistent that it permeates the entire atmosphere of the trial," Thomas, 728 F.2d at 320, it is not prejudicial.
 
 
 11
 Lynch also argues that the presence of three or four uniformed security guards at the trial added to the "death threat atmosphere" and were prejudicial. Courtroom security measures are within the sound discretion of the trial court, United States v. Gambino, 564 F.2d 22, 24 (8th Cir.1977), and are irrelevant on a review of the merits. United States v. Heldt, 668 F.2d 1238, 1272 (2d Cir.1984). This, taken with the fact that the death threats were not mentioned to the jury, leads us to conclude that no prejudice resulted.
 
 
 12
 Lynch makes several more specific allegations concerning the government's failure to comply with the discovery rules, the most notable of which is that the government did not provide Lynch 's counsel with a copy of Lynch's prior criminal record, Certainly this was a violation of the pretrial directive of district court. To be the basis for reversal, however, there must have been some prejudice to Lynch. We find none. Lynch's other arguments regarding discovery also lack merit.
 
 
 13
 Lynch further contends the government violated the district court's sequestration order by allowing two government witnesses to discuss the trial in the same holdover cell. Again we agree this violated the district court's order, but because it caused no prejudicial harm, it was not an abuse of discretion to deny Lynch's request for a new trial. See Government of Virgin Islands v. Edinborough, 625 F.2d 472, 474 (3d Cir.1980).
 
 
 14
 Finally, both Lynch and Fessler argue that the evidence at trial showed at least three conspiracies, and the trial court erred in not instructing the jury on the issue of, multiple conspiracies. A trial court need not instruct the jury on multiple conspiracies when there is no variance between the indictment and the proof. United States v. Metz, 608 F.2d 147,158 (5th Cir.1979), cert. denied, 449 U.S. 821 (1980). No variance appears to exist here, and thus no error was committed. The proof indicates a commonly found chain-type drug conspiracy, involving numerous middlemen between the supplier and consumer. Numerous transactions occurred between the indicted and unindicted co-conspirators in this case, but only one conspiracy existed. A single conspiracy does not become multiple just because all members of the conspiracy do not know each other, or each member is not involved in the overt acts. United States v. Warner, 690 F.2d 545 (6th Cir.1982).
 
 
 15
 The other arguments advanced by the defendants are found to be unsupportable and without merit.
 
 
 16
 The judgment of the district court is affirmed.