816 F.2d 674
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Thomas Driver, Appellant.
 No. 86-5021.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 27, 1987.
Decided March 27, 1987.
 
 Before RUSSELL, HALL and CHAPMAN, Circuit Judges.
 C. David Gantt, on brief, for appellant.
 Charles R. Brewer, United States Attorney; James R. Fitzner, Assistant United States Attorney, on brief, for appellee.
 PER CURIAM:
 
 
 1
 Thomas Driver appeals his conviction of taking indecent liberties with a female child in violation of 18 U.S.C. Sec. 13 and N.C.Gen.Stat. Sec. 14-202.1. He contends that the district court erred in allowing the victim's mother to be in the courtroom during the victim's testimony. Finding no reversible error, we affirm the judgment of conviction.
 
 
 2
 At the beginning of trial, the government moved that all spectators be excluded when the 15 year-old victim testified. The defendant did not object. Accordingly, when the victim was called to testify the judge cleared the courtroom of everyone except court personnel and jurors. See United States v. Welch, No. 85-5160 (4th Cir., June 9, 1986) (district court has discretion to clear courtroom during testimony of child victim of sexual abuse). The government then requested that the victim's parents be permitted to stay in the courtroom. After a bench conference the victim's parents were excluded from the courtroom pursuant to the exclusion order. During direct examination of the victim, however, the court advised the prosecutor that he could, if necessary, bring in the victim's parents; this offer was accepted and the victim completed her testimony with her parents present in the courtroom. At the conclusion of the victim's testimony the courtroom was reopened to spectators. During the course of the trial the government called the victim's mother as a witness.
 
 
 3
 Driver relies on Rule 615, Fed.R.Evid., which governs the sequestration of witnesses. Rule 615 provides:
 
 
 4
 At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause.
 
 
 5
 This Court has held that "[w]hile Rule 615 does make exclusion ordinarily a matter of right, ... the trial judge still retains a measure of discretion in the application of the exceptions to the rule." Cooper v. United States, 594 F.2d 12, 14 (4th Cir.1979) (citations omitted). The Third Circuit has determined that in cases where minors are called as witnesses the presence of a parent might be included under the third exception to Rule 615. Government of Virgin Islands v. Edinborough, 625 F.2d 472 (3d Cir.1980). In Edinborough the court held that "children, particularly those who must testify about sexual molestation, will find the judicial experience even more frightening if they are required to testify in the unfamiliar surroundings of a sterile courtroom without the sight of a familiar and protective individual." Id. at 475.
 
 
 6
 Driver points to language in Edinborough requiring "that the trial court fully articulate the basis for the exercise of its discretion" in declining to sequester a witness pursuant to one of the exceptions of Rule 615, id., and argues that the court failed to articulate its reasons here. As the bench conference at which the court considered the government's request was not recorded we do not know, other than from the court's statement that the prosecutor could bring the parents in if he needed them and from the obvious considerations involved in the testimony of a child victim, the precise factors which swayed the court. However, in this case as in Edinborough, Rule 615 does not require reversal of the conviction without proof that the failure to sequester prejudiced the defendant. Id. at 474.
 
 
 7
 In Edinborough the court found that no prejudice had been shown where the mother remained in the courtroom during the child's testimony and later testified herself. The court reasoned that as the mother and child had been living together there would have been ample opportunity for them to have fabricated their story prior to trial. "[T]herefore, the failure to sequester the mother at trial was unlikely to have contributed to the alleged collusion." Id.
 
 
 8
 In this case we are likewise unable to find that the defendant was prejudiced in any way by the failure of the trial court to sequester the mother.
 
 
 9
 Accordingly, we affirm the judgment of conviction. Because the facts and legal contentions are adequately developed in the materials before the court and argument would not significantly aid the decisional process, we dispense with oral argument pursuant to Fed.R.App.P. 34 and Local Rule 34(a).
 
 
 10
 AFFIRMED.