COMMONWEALTH *vs.* CHARLES A. HOLMAN.

No. 88-P-1283.

Middlesex. September 13, 1989. — October 12, 1989.

Present: SMITH, CUTTER, & FINE, JJ.

*Practice, Criminal*, Preservation of evidence, Loss of evidence by prosecution, Dismissal. *Motor Vehicle*, Operating under the influence. *Evidence*, Exculpatory, Videotape, Relevancy and materiality.

Although, at the trial of a complaint charging the defendant with operating a motor vehicle while under the influence of intoxicating liquor, the record indicated that a videotape recording of the defendant at the police station as he was being booked had been erased subsequently as a result of negligence of the police, their conduct did not require dismissal of the complaint where the circumstances did not show that the police had acted wilfully in erasing the videotape recording or that the erasure had resulted in unfair prejudice to the defendant. [831-833]

COMPLAINT received and sworn to in the Natick Division of the District Court Department on May 26, 1987.

On transfer to the jury session of the Framingham Division, a motion to reconsider dismissal of the complaint was heard by *Robert V. Greco*, J., and the case was tried before him.

*Eileen D. Agnes* for the defendant.

*David R. Marks*, Assistant District Attorney, for the Commonwealth.

FINE, J. The defendant was convicted of operating under the influence of intoxicating liquor. While he was under arrest at the Natick police station on May 24, 1987, the thirty-minute booking process was videotaped. On June 16, 1987, and July 28, 1987, the defendant's attorney viewed the videotape at the police station. Sometime between July 28, 1987, and the first date the case was scheduled for trial, October 19, 1987, the videotape was erased as a result of negligence of the police. The defendant raised the issue of the unavailability of the

videotape by pretrial motions to dismiss and at every subsequent opportunity. At his jury-waived trial, his attorney took the stand as a defense witness and testified as to his recollection of the videotape. In direct contradiction to the testimony of two police officers, defense counsel testified that, as he observed the videotape, the defendant's speech during the booking was clear and deliberate, he was steady on his feet, and he was able to tie his shoes without difficulty. Thus, according to the attorney, the defendant appeared to be sober.

A thirty-minute videotape that records the actions, words, and demeanor of a person being booked for driving under the influence shortly after his arrest certainly has the potential for being helpful to a defendant at trial. It could prove his sobriety and impeach the credibility of police officers testifying as to his lack of sobriety. See *Commonwealth* v. *Cameron*, 25 Mass. App. Ct. 538, 548-549 (1988). Particularly in light of defense counsel's testimony about the videotape, we assume that the erasure of the videotape in this case was, to some degree, prejudicial to the defendant. The question we must decide is whether the defendant had the right, merely because of the erased videotape, to have the charges dismissed.

What must be weighed in deciding that question is the culpability of the government, the materiality of the evidence, and the potential for prejudice. *Commonwealth* v. *Charles*, 397 Mass. 1, 14 (1986); *Commonwealth* v. *Willie*, 400 Mass. 427, 432 (1987); *Commonwealth* v. *Olszewski*, 401 Mass. 749, 755 (1988); *Commonwealth* v. *Walker*, 14 Mass. App. Ct. 544, 547-548 (1982). Ordinarily, in the absence of wilful misconduct on the part of the authorities, charges will not be dismissed unless there has been "irremediable harm" preventing the possibility of a fair trial. See *Commonwealth* v. *Lam Hue To*, 391 Mass. 301, 314 (1984); *Commonwealth* v. *Cronk*, 396 Mass. 194, 198 (1985). "Absent egregious misconduct or at least a serious threat of prejudice, the remedy of dismissal infringes too severely on the public interest in bringing guilty persons to justice." *Commonwealth* v. *Cinelli*, 389 Mass. 197, 210 (1983).

This court applied those principles recently in *Commonwealth* v. *Cameron*, 25 Mass. App. Ct. 538 (1988), an "operating under" case in which the defendant was advised while she was being booked at the police station that she was being videotaped. Thereafter, she repeatedly requested the videotape, but it was not made available for her use at the time of trial. The trial prosecutor's hearsay testimony that the machine malfunctioned and the tape, therefore, was blank was discounted. We decided, nevertheless, that the defendant could be fairly tried so long as she was free to inquire and comment about the loss of the videotape before the fact finder and so long as other reasonable steps were taken to assure a fair trial. A new trial was ordered, therefore, rather than dismissal. In the present case, unlike *Cameron*, it is undisputed that a videotape recording existed but, due to negligence, was erased, and there is evidence that the videotape would have been helpful to the defendant's case. We do not regard these differences as significant. *Cameron* is dispositive, therefore, of the defendant's claim of right to a pretrial dismissal.

We proceed to examine the record of the trial itself to determine if it was fair, notwithstanding the erasure of the videotape. The issue of the videotape's erasure was fully aired at trial, and the defendant had the advantage of his attorney's favorable testimony about his observation of the defendant's demeanor on the videotape. The comments of the judge just prior to announcing his verdict reveal that a videotape depicting the defendant as sober during the booking process would have been unlikely to change the outcome. The judge stated that he was basing his finding of guilt on the testimony of Ordway, the arresting officer, about what had happened at the scene rather than on any testimony about the booking process. The "heart of the case," he said, was Ordway's testimony that the defendant was "all over the road" and Ordway's observations of the defendant and the field sobriety tests at the scene, which the videotape did not record. "Arrest," the judge said, "is a sobering experience," and the defendant, he felt, was more "under control [at the station] than on the scene."

We are unimpressed with the defendant's argument that he was unfairly prejudiced in the eyes of the fact finder because, in the midst of the trial, his attorney necessarily assumed the role of defense witness. Where the fact finder is a judge, not a jury, such a departure from the usual procedure is not likely to be prejudicial. But see S.J.C. Rule 3:07, Dr 5-102, 382 Mass. 780 (1981).

Although the videotaping of motor vehicle offenders is relatively new, and methods of preserving such evidence may be expected to improve over time as their use becomes more routine, cases such as this one and *Cameron* inevitably decrease the public's confidence in the police and their commitment to fairness. The parties in this case agreed that only negligence, not a higher degree of culpability, was involved, and we accept that. This court may be less inclined to do so in future cases, however, should adequate procedures for safeguarding videotapes not be adopted (perhaps by the prompt promulgation by the Attorney General or by district attorneys within their respective districts of regulations or guidelines for police conduct) and followed. If this is not done, in some future cases where defendants have suffered prejudice, charges may be dismissed.

*Judgment affirmed.*