COMMONWEALTH *vs*. BRIAN BONNER.

No. 91-P-776.

Hampden. September 15, 1992. - October 26, 1992.

Present: KASS, FINE, & GILLERMAN, JJ.

*Practice, Criminal*, Sequestration of witnesses, Trial jury-waived.

At the jury-waived trial of a defendant charged with indecent assault and
    battery on a child under the age of fourteen, the judge acted within his
    discretion in denying the defendant's motion for sequestration of wit-
    nesses, thereby permitting the mother and father of the victim, who was
    fourteen years of age at the time of trial, to remain in the courtroom
    with him. [473-476]
At the jury-waived trial of a criminal case, no prejudice was shown to have
    resulted from the judge's allowing certain inadmissible testimony. [476-
    477]

COMPLAINT received and sworn to in the Westfield Divi-
sion of the District Court Department on April 23, 1990.

The case was heard by *Philip A. Contant*, J.

*Thomas Lesser* for the defendant.

*Ellen Berger*, Assistant District Attorney, for the Com-
monwealth.

GILLERMAN, J. Following a jury-waived trial, Brian Bonner
was found guilty of indecent assault and battery upon a child
under the age of fourteen years in violation of G. L. c. 265,
§ 13B. He appeals, claiming error in the judge's denial of his
motion to sequester the witnesses for the Commonwealth.
We affirm.

The Commonwealth produced evidence of the following
facts. On the night of March 3, 1990, Brian Bonner was a
chaperone at a dance at the high school at which he taught.
He brought his twelve year old son to the dance with him,
along with his nephew, the thirteen year old victim

Commonwealth *v.* Bonner.

(Jimmy).[1] After the dance, at around 11:30 P.M. to 12:00 midnight, the defendant returned the two boys to his house,[2] set out a blanket in front of the downstairs television for them to sleep, and left them to meet friends for a few drinks. Jimmy awoke around 1:00 A.M. to find that his uncle had his hand inside his shorts and underwear. He pretended to be asleep and tossed and turned, as if he were having a bad dream, to make the defendant stop. The defendant did stop, at which point Jimmy lay still. A few minutes later, the defendant tried to pull down Jimmy's shorts and underwear. At this point Jimmy sat upright and told the defendant he was having a nightmare and wanted to go home. The defendant tried to convince Jimmy to stay, telling him he could sleep upstairs. He led Jimmy upstairs to his bedroom and told him to take his shorts off. Jimmy asked again to be taken home and defendant acquiesced. Once the defendant had left Jimmy's house, Jimmy immediately told his mother (Mary) what had happened. Jimmy and Mary were the only witnesses for the prosecution. The defendant, his son and two colleagues of the defendant were the only witnesses for the defense.

Before the start of the trial, the Commonwealth sought without objection by the defendant, and the judge permitted, the defense witnesses to be sequestered. The defense then moved that the prosecution witnesses be sequestered. The Commonwealth, objecting, argued that "because of the nature of the allegations and the age of the victim" the mother and father should be allowed to remain in the courtroom. The court denied the defendant's motion to sequester, stating only that "there's an exception to be made for a . . . minor." We conclude there was no error.

The defendant, while recognizing that Mass.R.Crim.P. 21, 378 Mass. 892 (1979), gives a judge discretion to order any witnesses, other than the defendant, to be excluded from the courtroom, asks us to "construe" rule 21 so that the failure to allow a motion to sequester is presumed to be prejudicial,

[1]The names of the victim and his mother are fictitious.
[2]The defendant's wife and daughter were away for the night.

and therefore an abuse of discretion, unless the absence of prejudice is plain from the record. In this case, argues the defendant, the victim was fourteen at the time of the trial, and his father, who was not to be a witness, was in the courtroom to support the victim; thus the presence of Mary, who was to testify as a fresh complaint witness, was unnecessary, and the denial of the defendant's motion was, on its face, prejudicial to the defendant and therefore error.

We decline to modify the settled practice in Massachusetts which was codified in rule 21. "Under the [r]ule and case law it is within the discretion of the trial judge to allow sequestration of the witnesses." Smith, Criminal Practice and Procedure § 1755 (2d ed. 1983). "It is within the discretion of the judge to sequestrate witnesses or to refuse to do so." Liacos, Massachusetts Evidence 82-83 (5th ed. 1981). "The refusal to separate the witnesses until they had testified was within the discretion of the presiding justice." *Commonwealth* v. *Thompson*, 159 Mass. 56, 58 (1893) (Holmes, J.). "Both the sequestration of witnesses and the remedy for violating a sequestration order lie within the sound discretion of the trial judge [citations omitted]." *Commonwealth* v. *Pope*, 392 Mass. 493, 506 (1984). "The decision to sequester witnesses is within the trial judge's discretion." *Commonwealth* v. *Gogan*, 389 Mass. 255, 261 (1983). *Commonwealth* v. *Blackburn*, 354 Mass. 200, 205 (1968) (denial of motion to sequester witnesses was within the judge's discretion). See Reporters' Notes to Mass.R.Crim.P. 21, Mass. Ann. Laws., Rules of Crim.P. at 409-410 (Law. Co-op, 1979), and cases cited. The appellate courts have preserved the judge's discretion, even while suggesting that some practices may not be proper. See *Commonwealth* v. *Vanderpool*, 367 Mass. 743, 748-749 (1975) (no error in refusal of judge to sequester witnesses although the better practice in capital cases is to allow the procedure); *Commonwealth* v. *Watkins*, 373 Mass. 849, 850-851 (1977) (the better practice in capital cases is to allow sequestration, and a "usual practice" of denying motions to sequester in such a case may be questionable); *Commonwealth* v. *Sevieri*, 21 Mass. App. Ct. 745, 757 (1986) (to

deny a sequestration motion as a matter of practice rather than for reasons related to the particular case presents unnecessary problems on appeal).[3]

Numerous cases have upheld a judge's decision denying sequestration, but no appellate decision, so far as we know, has reversed an order denying sequestration. Even where the denial may have been an abuse of discretion, no resulting prejudice to the defendant has been found. See, e.g., *Commonwealth* v. *Watkins, supra* at 851 (no prejudice because the "witnesses testified to different events, from different vantage points, and their accounts were not entirely consistent with each other"). *Commonwealth* v. *Jackson*, 384 Mass. 572, 582 (1981) (no resulting prejudice from judge's refusal to sequester expert witness and police officer whose testimony was "brief, cumulative, and directed only at a technical link in the chain of custody").

We see no reason in this case to conclude that the judge abused his discretion. The witness was, at trial, a fourteen year old boy who claimed he was the victim of a sexual battery by his uncle — the husband of his father's sister. His father was in the courtroom. The victim's parents had been divorced for four years, and the victim lived with his mother. It was his mother, not his father, to whom the boy told the story of the assault. Plainly the situation was complex, painful, and difficult. Massachusetts courts are "acutely aware of the plight of child sexual assault victims and traditionally ha[ve] been sensitive toward meeting the needs of these young witnesses." *Commonwealth* v. *Bergstrom*, 402 Mass. 534, 552 (1988). "Judges have considerable latitude in devising procedures and modifying the usual rules of trial to accommodate child and other witnesses with special needs, so long as the defendant's fair trial rights are not violated." *Opinion of the Justices*, 406 Mass. 1201, 1218-1219 (1989), quoting from *Commonwealth* v. *Brusgulis*, 398 Mass. 325,

---

[3]Our decision should not be taken as approving a practice to grant the Commonwealth's sequestration motion while denying the defendant's motion. Here, as noted, the defendant did not object to the Commonwealth's motion.

332 (1986). The trial judge's comments in this case, however brief, indicate that he took into account these very concerns.

Moreover, we do not perceive any prejudice to the defendant; Mary's testimony was not a mere echo of her son's testimony. Her recollection of what Jimmy told her differed from the sequence of events to which Jimmy had just testified. Jimmy testified that while he was in front of the downstairs television the defendant tried to pull down his pants; Mary made no mention of this. Jimmy testified that the defendant led him upstairs and brought him into his bedroom, and that once there the defendant said, "[W]hy don't you lie down . . . [and] take off your shorts; you're probably hot." Mary's testimony does not mention that Jimmy said he went upstairs with the defendant; she only testified that the defendant suggested doing so. Despite these inconsistencies, the defendant's trial counsel did not cross-examine Mary on any of these factual issues. The claim of prejudice does not ring true when obvious inconsistencies were not the subject of cross-examination.

Inconsistencies aside, Mary did not merely repeat her son's testimony when it would have been simple to do so. For example, even though Jimmy had just testified that on the night of the occurrence he was wearing shorts, jockey underwear and a tee-shirt, when Mary was asked by defense counsel four times in a row what her son was wearing she answered that she couldn't remember.

Other jurisdictions have concluded that when the alleged victim is a minor, he or she should have the benefit of a support figure in the courtroom. In *Government of the V. I.* v. *Edinborough*, 625 F.2d 472 (3d Cir. 1980), a case with very similar facts, the court concluded that there was no error under rule 615 of the Federal Rules of Evidence,[4] a stricter

---

[4]Federal Rule of Evidence 615 requires the court to sequester a witness when a party makes a request for sequestration. However, it exempts from this rule "a person whose presence is shown by a party to be essential to the presentation of his cause." In the *Edinborough* case the court found that this exception allowed the trial judge to use his discretion and deny the defendant's request to sequester the mother of the thirteen year old victim.

rule than Mass.R.Crim.P. 21, to allow the mother of a thirteen year old to remain in the courtroom during the daughter's testimony. "Persons unfamiliar with judicial proceedings often find that the necessity of testifying produces anxiety. It follows that children, particularly those who must testify about sexual molestation, will find the judicial experience even more frightening. . . ." *Id.* at 475. The court also found unconvincing the claim that the mother's testimony would be influenced by the child's testimony. "[T]he mother and child continued to live together before, during and after the trial. There would have been ample opportunity for the mother and the child to have fabricated the story prior to the trial. . . ." *Id.* at 474. See also *Commonwealth* v. *Berry*, 355 Pa. Super. 243, 253-254 (1986) (no abuse of discretion in allowing the fifteen year old victim's mother, who was also testifying, to remain in the courtroom despite the fact that there was a rape counselor there to provide support).

There was no showing that Mary's testimony was perjured or that her testimony was influenced by the testimony of her son. See *Commonwealth* v. *Jackson*, 384 Mass. 572, 582 (1981) (no substantial danger of perjury). See also *State* v. *Posten*, 302 N.W.2d 638, 640 (Minn. 1981) (denial of an order to sequester six year old sexual abuse victim's father and foster mother even though they were both testifying at trial was not an abuse of discretion, because of concern that the complainant might otherwise not be able to testify).

Based on our review of the record, we conclude that the defendant was not prejudiced by the denial of his sequestration motion, and that the judge acted well within his discretion. Contrast *State* v. *Roberts*, 612 P.2d 1055, 1057-1058 (Ariz. 1980) (father's story changed at time of trial and court found it was possible that changes were due to hearing other witness's testimony at trial).

Finally, the defendant argues that the trial judge admitted, over the defendant's objection, testimony by Mary describing her reaction to her son's account of the evening. The Commonwealth offers no theory of admissibility, and we know of none. Nevertheless, the defendant was not

prejudiced, see *Chapman* v. *California*, 386 U.S. 18 (1967). This was a jury-waived trial and "where the fact finder is a judge, not a jury, . . . [a] departure from usual procedure is not likely to be prejudicial." *Commonwealth* v. *Holman*, 27 Mass. App. Ct. 830, 833 (1989).

*Judgment affirmed.*