COMMONWEALTH *vs.* RONNIE LOVEJOY. No. 94-P-1038. November 6, 1995. *Controlled Substances. Practice, Criminal*, Required finding. *Evidence*, Expert opinion.

The defendant was convicted by a jury in the District Court of distribution of cocaine and of doing so within 1,000 feet of a school building. On appeal, he contends that the judge erred in denying his motion for a required finding of not guilty, in allowing opinion evidence as to the defendant's guilt from two police officers, and in refusing to compel the Commonwealth to reveal the surveillance location of one of its witnesses. We reverse.

We summarize the evidence. A Boston police officer was conducting a surveillance of a group of young men sitting and milling around a makeshift table in front of 39-41 Standish Street in the Dorchester section of Boston. As the officer watched, a series of cars pulled up to the curb adjacent to the table. Each time, one of the young men would approach the car and engage in a hand-to-hand exchange with one of its occupants. The officer could not see what was being transferred, except that it appeared that the young men who approached the cars were receiving paper money from the cars' occupants.

On two occasions, the officer saw the defendant approach a vehicle and make an exchange with one of its occupants. On both occasions, the officer immediately directed other officers engaged in the surveillance operation to stop the cars. In the first car, the officers did not find any drugs, but one of the officers testified that he saw the driver swallow something just before the stop. He opined that he was "swallowing some crack cocaine." In the second car, the police recovered cocaine from the passenger in the back seat, who apparently was not in the car when the officer witnessed the exchange by the defendant. After this second stop, the police, in plain clothes and unmarked cars, converged on the location under surveillance to arrest the young men. As the police approached, the defendant ran at 41 Standish Street. He was pursued into the building by a police officer.

After the pursuing officer identified himself as a police officer, the defendant refused to open the door until five to ten minutes had passed. When he did open the door, the officer placed him under arrest. The police found no drugs or drug paraphernalia on the defendant. His wallet contained seventy-three dollars.

Viewing the evidence in the light most favorable to the Commonwealth, *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979), we conclude that the defendant's attempted evasion of the police,[1] while not sufficient standing alone to support a conviction, is enough when combined with the other circumstantial evidence adduced by the Commonwealth to withstand a motion for a required finding of not guilty. Compare *Commonwealth* v. *Woods*, 36 Mass. App. Ct. 950 (1994), *S.C.*, 419 Mass. 366, 376 (1995); *Commonwealth* v. *Garcia*, 34 Mass. App. Ct. 386, 395-396 (1993).

We conclude, however, that the defendant's convictions must be reversed because the judge allowed two of the police officers to give opinion evidence that exceeded admissible expert testimony. One officer expressed the opinion that, when he observed the defendant exchange an object for money with the passenger of the second car, the defendant was engaged in a drug transaction. The same witness subsequently referred to the "trans-

---

[1]Although the defendant's initial flight may have little probative value because the officers testified that they were in plain clothes and driving unmarked cars, his subsequent refusal to open the door for five to ten minutes after the officer had identified himself is sufficient to support an inference of consciousness of guilt. *Commonwealth* v. *Williams*, 378 Mass. 217, 229-230 (1979).

action" a number of times during his testimony. Another officer testified that, in his opinion, the driver of one of the two cars approached by the defendant "swallow[ed] some crack cocaine" when stopped by the police. The testimony of these officers was tantamount to an expression of opinion on the guilt of the defendant and, thus, impermissibly intruded on the fact finding ability of the jury. *Commonwealth* v. *Woods*, 419 Mass. at 374-375. Accordingly, it was error to allow the testimony.

Nor are we able to conclude, as we did in *Commonwealth* v. *Woods*, *supra*, that impermissible testimony of this nature was harmless error. See *Commonwealth* v. *Woods*, 36 Mass. App. Ct. at 952, *S.C.*, 419 Mass. at 375. In this case, the Commonwealth's evidence is decidedly weaker than in *Woods*. Here, the defendant was twice observed making an exchange. In the first exchange, the police found no cocaine but the officer's opinion suggested that was because the driver had swallowed it. In the second, the police found cocaine but not on the person with whom the defendant made the exchange. Instead, the person who possessed the cocaine was someone the officer had not seen in the car at the time of the exchange. Notwithstanding this, the officer stated that what he observed was a drug transaction. As a result, we cannot say with certainty that the toxic evidence either did not influence the jury's verdict at all or had but slight effect. *Commonwealth* v. *Flebotte*, 417 Mass. 348, 353 (1994). *Commonwealth* v. *Peruzzi*, 15 Mass. App. Ct. 437, 445 (1983).

Because of the result reached by us in this case, we see no need to discuss the issue regarding disclosure of the surveillance site. In the event of a retrial, this issue is unlikely to arise, as the location of the site has become abundantly clear based on the record in this case.

*Judgments reversed.*
*Verdicts set aside.*

*Dwight M. Hutchison* for the defendant.
*Jane L. McDonough*, Assistant District Attorney, for the Commonwealth.