## COMMONWEALTH *vs.* LEONARD SAVAGEAU.

No. 96-P-273.

Hampden. December 18, 1996. - April 23, 1997.

Present: ARMSTRONG, BROWN, & DREBEN, JJ.

*Controlled Substances. Practice, Criminal,* Assistance of counsel. *Evidence,* Hearsay, Business record.

Evidence at the trial of an indictment for possession of cocaine with intent to distribute was sufficient to warrant the conclusion beyond a reasonable doubt that the defendant, jointly with his companion, possessed the drugs in question and intended to distribute them. [519-520]

Evidence at the trial of a criminal defendant for a second or subsequent offense of possession of cocaine with intent to distribute was sufficient to establish that the defendant was represented by counsel at his prior trial so as to warrant his conviction of the subsequent offense. [520-521]

INDICTMENT found and returned in the Superior Court Department on July 13, 1994.

The case was heard by *James P. Dohoney,* J.

*John F. Dalsey* for the defendant.

*Jennifer S. Brand,* Assistant District Attorney, for the Commonwealth.

DREBEN, J. In jury-waived proceedings in the Superior Court, the defendant was convicted of possession of cocaine with the intent to distribute as a second or subsequent offense. See G. L. c. 94C, § 32A(*d*). On appeal, he alleges that the Commonwealth's evidence was legally insufficient and that, in any event, he was improperly convicted under the second or subsequent offender portion of § 32A(*d*). We affirm.

We briefly recite the pertinent facts, presenting them in the light most favorable to the Commonwealth. See *Commonwealth* v. *Hilton,* 398 Mass. 63, 64-65 (1986). On June 14, 1994, from their unmarked police car, Officers Delaney and

Meleady were observing a maroon Chevrolet vehicle with New Hampshire license plates, which was parked some forty yards in front of them in the vicinity of 4 Quebec Street in Springfield.[1] The defendant was in the driver's seat, and a companion was sitting in the passenger's seat. After a few minutes, a male approached the driver's side of the maroon car and spoke with the defendant. Officer Delaney, through binoculars, saw the defendant and the male converse and then exchange small items. Officer Delaney could not ascertain what had been exchanged. The male walked off, and was not apprehended.

The officers immediately closed in on the maroon vehicle. As they approached, they saw the passenger quickly try to swallow something from a Garcia y Vega cigar tube. When asked to leave the car, he spat out what appeared to Officer Delaney to be a piece of crack cocaine. On analysis, the item turned out to be a nugget of crack cocaine. The cigar tube contained five additional rocks of crack cocaine, each the size of a pea. The nuggets were packaged in separate plastic bags.

Both the defendant and the passenger were arrested. The defendant had $90 on his person and a beeper on his belt.

Officer Delaney qualified as an expert on the practices of illegal drug merchants — he had been in the narcotics division of the police department for twelve years. He testified that the packets of rock cocaine were packaged for sale, that each had a street value of twenty dollars, that Garcia y Vega cigar tubes are commonly used to carry drugs by people involved in street level sales, and that in ninety-five percent of the (drug) cases in which he was involved people used a beeper — this was the commonplace method for arranging to purchase narcotics. Officer Meleady repeated in large part the facts as testified to by Officer Delaney. He also gave his opinion as to the encounter between the defendant and the male pedestrian — "I felt it very well could possibly be a narcotics transaction."[2]

1. *Sufficiency of evidence.* The defendant claims that there

---

[1]The defendant later gave this as his address.

[2]Officer Delaney was improperly permitted to testify over objection as to his opinion of the encounter between the defendant and the male pedestrian — "A drug deal just took place in front of 4 Quebec Street." An expert may not offer an opinion as to the defendant's innocence or guilt. *Commonwealth* v. *Woods*, 419 Mass. 366, 375 (1995) ("testimony that the de-

was nothing to connect him to the crack cocaine in the cigar tube, and, therefore, his motion for a required finding of not guilty should have been allowed. It is true that presence alone in an area where contraband is found cannot show the "requisite knowledge, power, or intention to exercise control" over the drugs. *Commonwealth* v. *Brzezinski,* 405 Mass. 401, 409-410 (1989). There was here, however, other incriminating evidence to "tip the scale in favor of sufficiency." 405 Mass. at 410. The observation of the exchange of small items between the male pedestrian and the defendant, which to the seasoned eye of a narcotics officer was consistent with a drug sale, presents the additional evidence, which, when coupled with the evidence of drugs packaged for sale held by the defendant's companion in the front seat of the car, was sufficient to conclude that the defendant jointly with his companion possessed the drugs and intended to distribute them. The beeper, while not significant in itself, also lends support to the conclusion that the defendant was connected to the drugs. See *Commonwealth* v. *Clermy,* 421 Mass. 325, 331 (1995). The standard of *Commonwealth* v. *Latimore,* 378 Mass. 671, 677 (1979) (whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt), has been met.

2. *Sufficiency of evidence for application of G. L. c. 94C, § 32A(d).* The defendant was also convicted of trafficking as a second or subsequent offense under the provisions of G. L. c. 94C, § 32A(*d*). A requisite element of that offense is proof of one or more prior convictions. While the defendant does not seriously dispute that he was previously convicted of a qualifying offense (but see note 4 *infra*), he contends that the Commonwealth failed to prove by competent evidence that he had been represented by counsel during the prior proceed-

fendant was involved in a drug sale was, in effect, expert opinion that the defendant was guilty of the charge[]"). *Commonwealth* v. *Lovejoy,* 39 Mass. App. Ct. 930, 931-932 (1995). Although the defendant objected to this testimony at trial, he does not press this error on appeal. Thus, the error was waived. In any event, it did not create a substantial risk of a miscarriage of justice. The improper testimony "went only slightly beyond" the proper opinion offered by Officer Meleady to the effect that the transaction was consistent with drug dealing. See *Commonwealth* v. *Woods,* 419 Mass. at 376. Moreover, such testimony is considerably less likely to have influenced the ultimate finding of guilt where, as here, the fact finder was a judge rather than a jury. See *Commonwealth* v. *Bonner,* 33 Mass. App. Ct. 471, 477 (1992).

ing. This alleged omission, the defendant argues, renders the Commonwealth's evidence fatally defective.

The defendant is correct that the Commonwealth must establish either that the defendant was represented by counsel at the earlier trial, or else that he properly waived that right. There are, however, no particular requirements as to the form the evidence of such prior representation or waiver must take. See *Commonwealth* v. *Deeran*, 364 Mass. 193, 198 (1973) (no "constitutional requirements that waiver of counsel be proved in any particular way"). Cf. *Commonwealth* v. *Quinones*, 414 Mass. 423, 432 n.7 (1993).

Our cases have permitted proof of such representation or waiver to take a variety of forms. An entry on the complaint by the trial judge indicating that he found "this defendant not indigent" and "[d]efendant did not want counsel" was deemed sufficient to prove waiver in *Deeran* for purposes of using the prior conviction to impeach the witness. 364 Mass. at 197. Likewise, in *Commonwealth* v. *Delorey*, 369 Mass. 323, 329-330 (1975), the court held that a finding by the trial judge that the defendant was able to pay for counsel was sufficient to find waiver. "By reason of that finding the defendant was not entitled to have counsel assigned to represent him at public expense," and, having had a reasonable time to obtain counsel at his own expense, the legal effect of what occurred was that the defendant waived the right to be represented by counsel. In *Commonwealth* v. *Boudreau*, 362 Mass. 378, 382 (1972), the court concluded that an unattributed reference to the name of the defendant's attorney at his prior trial on the face of the complaint was sufficient to establish representation.

In light of these cases, the proof that the present defendant had been represented by counsel at his prior trial was sufficient to support the defendant's conviction of a subsequent offense. The Commonwealth called a representative of the probation office who testified that his probation records indicated that on June 19, 1993, the defendant had pleaded guilty in the Superior Court to distribution of cocaine, G. L. c. 94C, § 32E, and that the defendant had been represented during those proceedings by "Attorney Klyman."[3]

The defendant argues that the probation officer's testimony

---

[3]At trial in the present case the defendant also was represented by Mr. Andrew Klyman.

should have been excluded as hearsay. This argument, raised for the first time on appeal, is not subject to our review. See *Commonwealth* v. *Figueroa,* 412 Mass. 745, 752 n.11 (1992) (issues not raised at trial ordinarily are not considered for the first time on appeal). See also *Commonwealth* v. *Cote,* 386 Mass. 354, 358-359 n.6 (1982) (principle applies also to constitutional claims).[4]

Moreover, had the defendant objected on hearsay grounds, the probation office records from which the probation officer testified and on which the name of the defendant's counsel was listed would undoubtedly have been admissible under the business records exception to the hearsay proscription. See G. L. c. 233, § 78 (creating business records exception for both criminal and civil cases); *Furtado* v. *Furtado,* 380 Mass. 137, 149 (1980) (probation office records admitted under rubric of business records exception).

*Judgment affirmed.*

---

[4]In a cursory argument, the defendant also appears to allege that proof of the prior conviction was inadequate due to the confusion of dates on some of the Superior Court records and the failure to include certain docket numbers on some of the forms. However, the defendant's argument is wholly unsupported by any citations to legal authority and does not rise to the level of appellate argument. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975); *Commonwealth* v. *Silva,* 401 Mass. 318, 329 n.12 (1987).