· COMMONWEALTH *vs.* WILLIAM MELTON. No. 98-P-21. June 3, 1999. *Evidence,* Expert opinion. *Practice, Criminal,* Instructions to jury, Assistance of counsel. *Controlled Substances.*

A District Court jury convicted the defendant of distribution of cocaine and distribution of cocaine within 1,000 feet of a school. On appeal he contends that his convictions should be overturned because of improper opinion testimony as to his guilt, because his activities were improperly characterized at trial, and because his attorney provided ineffective assistance. We affirm.

The evidence was presented at trial through the testimony of the two arresting officers and their supervisor. In summary, Carlton Williamson and Mark Assad, members of the Boston police department's drug control unit, were in plain clothes watching the Stuart and Tremont Street area of downtown Boston for drug activity. As they stood inside the Transportation Building at 10 Park Plaza Square looking out through glass doors, they saw the defendant walk to the front of the building. He looked around and signaled "yo, yo" to a man later identified as George Kimball. Kimball crossed the street and walked toward the defendant. The men conversed briefly. The defendant walked away, returned within one and one-half minutes, and handed Kimball an unidentifiable object. Kimball handed the defendant money, which he placed in his pocket. Within seconds, Officer Williamson seized the defendant and Assad seized Kimball. Assad saw two pieces of crack cocaine drop from Kimball's hand. The defendant had forty dollars in his possession. The officers placed the defendant and Kimball under arrest.

1. At trial, the prosecutor asked Officer Williamson what he and Officer Assad did after observing the defendant and Kimball on the street. Williamson replied, "From my experience as a police officer, I, I knew for a fact that was a drug transaction." Upon the defendant's objection and motion to strike, the judge struck the response from the record and instructed the jurors to disregard it. The Commonwealth concedes, properly, that this testimony amounted to improper expert opinion that the defendant was guilty of the charges. See *Commonwealth* v. *Woods*, 419 Mass. 366, 375 (1995).[1]

In other testimony, Detective Sergeant James Fong, Williamson's and Assad's supervisor, testified that the arresting officers "showed [him] where a transaction had taken place." Defense counsel objected. The objection was sustained, but no curative instruction was given. The defendant contends that the use of the word "transaction" implied that a drug transaction had occurred. The defendant further contends that Assad's and the prosecutor's unobjected-to characterization of the exchange as a "transaction" and Williamson's, Assad's, and the prosecutor's references to Kimball as the "buyer" unfairly prejudiced him.

Officer Williamson's improper testimony that a drug transaction had occurred was followed swiftly by a strong curative instruction. We assume that the jury paid attention to the judge's admonition. See *Commonwealth* v. *Walker*, 370 Mass. 548, 570, cert. denied, 429 U.S. 943 (1976); *Commonwealth* v. *Houghton*, 39 Mass. App. Ct. 94, 101 (1995). On the other hand, the references to the exchange as a "transaction" and to Kimball as a "buyer" literally described what the witnesses saw — the defendant handing Kimball goods in

---

[1]The defendant does not challenge the police officers' qualifications to offer opinions based on their expertise. See *Commonwealth* v. *Woods*, 419 Mass. at 374 n.12.

exchange for money. The use of these terms was not error. *Commonwealth* v. *Lovejoy*, 39 Mass. App. Ct. 930, 931-932 (1995), is distinguishable. In that case, the reference to a "drug transaction" was not the subject of a motion to strike, and the continued use of the term "transaction" effectively referred back to the "drug transaction" phrase. This, combined with other improper testimony, amounted to reversible error in a case in which the Commonwealth's evidence was weak.

In the case before us, the evidence against the defendant was strong. Percipient witnesses testified to watching the hand-to-hand exchange between the defendant and Kimball. Williamson and Assad both saw the defendant hand something to Kimball, and Williamson saw Kimball give the defendant money. Seconds later, Kimball dropped two pieces of crack cocaine. See *Commonwealth* v. *Woods*, 419 Mass. at 375-376; *Commonwealth* v. *Barbosa*, 421 Mass. 547, 554-555 (1995); *Commonwealth* v. *Rivera*, 425 Mass. 633, 645 (1997) (in each case, improper opinion testimony that the defendant had engaged in a drug transaction was rendered harmless by strong evidence that a drug transaction had occurred). Contrast *Commonwealth* v. *Lovejoy*, 39 Mass. App. Ct. at 931-932 (similar testimony constituted reversible error because evidence of a drug transaction was "decidedly weaker than in *Woods*, [*supra*]").

2. The defendant contends that his attorney provided ineffective assistance by failing to request a more forceful curative instruction concerning Williamson's improper opinion testimony, by failing to request that Fong's reference to a "transaction" be struck or that a curative instruction be given, and by failing to object to additional references to a "transaction" and to Kimball as a "buyer." In considering this claim, we determine whether counsel's performance has fallen "measurably below that which might be expected from an ordinary fallible lawyer — and, if that is found, then, typically, whether it has likely deprived the defendant of an otherwise available, substantial ground of defence." *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974). As we have concluded that the asserted missteps did not amount to error, the claim of ineffective assistance fails.

*Judgments affirmed.*

*Kristen T. Wigandt* for the defendant.

*Kristine Luongo Tammaro*, Assistant District Attorney, for the Commonwealth.