UNITED STATES of America

v.

Jermaine JONES, Appellant

No. 01–1996.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) Sept. 12, 2002.

Filed Sept. 20, 2002.

Before ALITO and FUENTES, Circuit Judges, and OBERDORFER,[1] Senior District Judge.

1. The Honorable Louis F. Oberdorfer, Senior District Judge for the District of Columbia, sitting by designation.

## OPINION OF THE COURT

### PER CURIAM.

Because we write for the benefit of the parties, the background of the appeal is not set out.

Appellant was convicted of a single violation of 18 U.S.C. § 922(g)(1), which prohibits a convicted felon from possessing a firearm. Appellant received a sentence enhancement pursuant to the Armed Career Criminal Act of 1984 ("ACCA"), based on three prior felony convictions. Appellant contests three orders of the District Court: (1) denial of Appellant's motion to declare a mistrial, or in the alternative to strike testimony, for the breach of a sequestration order by police officer witnesses; (2) denial of Appellant's motion to bifurcate trial of the "prior offense" and the "in possession" elements of Section 922(g); and (3) denial of Appellant's motion to bar enhanced sentencing.

■ We reject Appellant's argument that the District Court abused its discretion when it denied Appellant's motion for a mistrial or to strike testimony for violation of a sequestration order by a witness. Rule 615 of the Federal Rules of Evidence provides that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses." Sequestration is intended to prevent the possibility of witnesses shaping their testimony to match that given by other witnesses. *Government of the Virgin Islands v. Edinborough*, 625 F.2d 472, 473 (3d Cir.1980). The Rule does not explicitly address the situation in which a witness fails to comply with a sequestration order, and courts have considerable discretion to tailor appropriate remedies. *Pickel v. United States*, 746 F.2d 176, 182

(3d Cir.1984). The court may remedy a violation by holding the witness in contempt, *id.*, by commenting to the jury on the violation and its effect on the weight and credibility of the evidence, *id.*, or by allowing opposing counsel to cross-examine the witnesses concerning the violation. *United States v. Blasco*, 702 F.2d 1315, 1327 (11th Cir.1983). Only if the defendant has suffered actual prejudice as a result of the violation will a court consider excluding the witness' testimony. *United States v. McClain*, 469 F.2d 68, 69 (3d Cir.1972).[2] Similarly, in order for a court to invoke the extreme remedy of declaring a mistrial, the violation must have prejudiced the defendant. *Pickel*, 746 F.2d 176, 182 (noting that a violation of a sequestration order "might support dismissal in a most egregious situation"); *Edinborough*, 625 F.2d at 474 (holding that failure of a court to sequester a witness is not reversible error absent a showing of prejudice).

The record is clear that the District Court gave substantial consideration to the motion to strike testimony or declare a mistrial, determined that Appellant had not suffered prejudice as a result of the violation of the sequestration order, and properly exercised its discretion to craft appropriate remedies.

■ We reject Appellant's argument that the District Court erred when it declined to bifurcate trial of a single count indictment under 18 U.S.C. § 922(g)(1). Section 922(g) provides that "[i]t shall be unlawful for any person ... who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammu-

---

**2.** More recent decisions from other circuits also require a showing of prejudice to the defendant. *United States v. Blasco*, 702 F.2d 1315, 1327 (11th Cir.1983); *United States. v. Kindle*, 925 F.2d 272 (8th Cir.1991).

nition." 18 U.S.C. § 922(g)(1). In this Circuit a defendant in a single-count indictment under Section 922(g) is not entitled to bifurcate trial of the "convicted felon" from the "in possession" elements. *United States v. Jacobs*, 44 F.3d 1219 (3d Cir.1995).

■ We also reject Appellant's argument that the District Court erred when it refused Appellant's motion to bar sentence enhancement under the Armed Career Criminal Act of 1984 ("ACCA"). The ACCA provides a sentence enhancement for a violation of Section 922(g) upon a judicial determination of "three previous convictions … for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Such judicial determination of prior convictions has withstood challenge on constitutional grounds, *Almandarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), even though judicial determination of other factors has been held to be unconstitutional. *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Accordingly, we have upheld application of the sentence enhancement provisions of the ACCA to a violation of Section 922(g)(1). *United States v. Mack*, 229 F.3d 226 (3d Cir.2000).

We have considered all of Appellant's arguments and see no basis for reversal. The judgment of the District Court is, therefore, affirmed.