

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-21-2008

# USA v. Lipscomb

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2067

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Lipscomb" (2008). *2008 Decisions.* Paper 822.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/822

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 07-2067

UNITED STATES OF AMERICA,

v.

JAMES LIPSCOMB,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
(Criminal No. 04-198)
District Judge: Honorable Faith S. Hochberg

Submitted under Third Circuit LAR 34.1(a)
on March 28, 2008

Before: McKEE, RENDELL and TASHIMA,* Circuit Judges

(Filed: July 21, 2008)
_____

OPINION OF THE COURT
_____

TASHIMA, Circuit Judge.

    Appellant James Lipscomb pleaded guilty to armed robbery in violation of 18

U.S.C. § 1951.  He appeals his sentence, arguing that the District Court erred in

_____

    *Honorable A. Wallace Tashima, Senior Judge of the United States Court of
Appeals for the Ninth Circuit, sitting by designation.

categorizing him as a career offender under United States Sentencing Guideline ("U.S.S.G." or "Guidelines") § 4B1.1 and in imposing the consequent sentence enhancement. We consider two issues on appeal: first, whether Lipscomb's 1995 New Jersey state conviction for eluding an officer in the second-degree constitutes a "crime of violence," as required to satisfy the Guidelines' career offender provision; and second, whether the 159-month sentence imposed by the District Court was reasonable. For the reasons that follow, we will affirm the sentence.

## I.

Because we write primarily for the benefit of the parties, we discuss the facts and procedural history of Lipscomb's case only as necessary to inform the present discussion. On October 29, 2003, Lipscomb participated in an armed robbery of a jewelry store. He was arrested in November 2003 after FBI agents searched his residence and recovered incriminating evidence, including four contraband bulletproof vests. In a February 2004 plea agreement, Lipscomb agreed to plead guilty to the armed robbery charge in exchange for the government's dismissal of the criminal complaint arising from his possession of the bulletproof vests.

The plea agreement reflected a base offense level of 20 for armed robbery and acknowledged a 5-level increase for brandishing a firearm during the robbery. The Presentence Investigation Report ("PSR") recommended a 2-level enhancement for victim losses, as well as a 3-level reduction for acceptance of responsibility. Lipscomb's

11 undisputed criminal history points placed him in Criminal History Category V. Thus, absent the career offender enhancement, Lipscomb's total offense level was 24, which, combined with a Criminal History Category of V, resulted in a sentence between 92 and 115 months.

Under U.S.S.G. § 4B1.1, an individual is a career offender if: (1) he was at least eighteen years old at the time of the instant offense; (2) the instant offense is a crime of violence or a controlled substance offense; and (3) he has been convicted of at least two prior felony crimes of violence or controlled substance offenses. The PSR suggested that Lipscomb was properly classified a career offender under § 4B1.1 because the charged armed robbery offense satisfied the first two elements and Lipscomb's 1993 conviction for second-degree robbery and 1995 conviction for second-degree eluding constituted "crimes of violence," in satisfaction of the third element.

The career offender determination increased Lipscomb's total offense level to 32 and a Criminal History Category of VI under U.S.S.G. § 4B1.1(b)(C). After the reduction for acceptance of responsibility, the recommended Guidelines sentencing range was 151-188 months' imprisonment.

In its March 26, 2007 order, the District Court followed the probation officer's recommendation and applied the career offender sentencing enhancement. At the sentencing hearing, the Court considered and rejected Lipscomb's arguments against the

3

PSR's career offender recommendation,[1] and discussed its rationale for imposing a sentence of 159 months.

After considering the sentencing factors in 18 U.S.C. § 3553(a), the District Court determined that a 159-month term of imprisonment, near the low end of the Guideline range, was appropriate. The court recognized its discretion to forego sentencing Lipscomb as a career offender, but reasoned that the 159-month sentence fairly took into account his substantial criminal past.

On appeal, Lipscomb contends that the District Court's sentence is unreasonable and that the career offender provision was applied in error.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "Whether a particular crime constitutes a crime of violence is a question of law and the Court's review is plenary." *United States v. Dorsey*, 174 F.3d 331, 332 (3d Cir. 1999). We review the substantive reasonableness of the sentence itself for abuse of discretion. *See United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008) (citing *Gall v. United States*, 128 S. Ct. 586, 597 (2007)).

### A. Career Offender Enhancement

---

[1]     Lipscomb presented substantially the same arguments at the sentencing hearing as he presents on appeal; namely, that application of the career offender provision miscategorizes Lipscomb's 1995 eluding offense, and that the sentencing enhancement is unreasonable in light of Lipscomb's mitigating circumstances. These arguments are addressed in greater detail below.

The Guidelines recommend that an individual who fits the definition of "career offender" under § 4B1.1 be placed in Criminal History Category VI, and receive an enhanced sentence. An individual who is over eighteen, and whose instant offense is a crime of violence, may be subject to a career offender enhancement if he has two prior convictions for felony crimes of violence or controlled substance offenses. *See* U.S.S.G. § 4B1.1. Lipscomb concedes that his instant crime satisfies the first two elements of the career offender provision, and that his 1994 conviction for second-degree robbery constituted a crime of violence. The only question that remains, then, is whether Lipscomb's 1995 offense, second-degree eluding, was a crime of violence, as the PSR and the district court concluded that it was.

> Section 4B1.2 defines a "crime of violence" as:
>
> (a) . . . any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
> (1) has as an element the use, attempted use, or threatened use of physical force against person of another, or
> (2) . . . involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). "We are required to take a categorical approach when deciding whether a conviction is for a crime of violence." *United States v. Otero*, 502 F.3d 331, 335 (3d Cir. 2007); *see also United States v. Siegel*, 477 F.3d 87, 90 (3d Cir. 2007) (applying the categorical approach to determinations of whether a prior crime falls under § 4B1.2). The categorical approach, as articulated by the Supreme Court in *Taylor v. United States*, 495 U.S. 575, 602 (1990), directs the sentencing court to "look only to the

5

fact of conviction and the statutory definition of the prior offense" to determine whether it is categorically a crime of violence. *Id.*; *accord Shepard v. United States*, 544 U.S. 13, 19 (2005) (stating that the categorical approach "refers to predicate offenses in terms not of prior conduct but of prior convictions and the elements of crimes") (internal quotation marks, alterations, and citations omitted).

Lipscomb was convicted in New Jersey for second-degree eluding, which is defined as follows:

> Any person, while operating a motor vehicle on any street or highway in this State, who knowingly flees or attempts to elude any police or law enforcement officer after having received any signal from such officer to bring the vehicle to a full stop commits a crime of the third degree; except that, a person is guilty of a crime of the second degree if the flight or attempt to elude creates a risk of death or injury to any person.

N.J. Stat. Ann. § 2C:29-2(b) (West 1995).

Because creating a "risk of death or injury to any person" was an element of Lipscomb's second-degree eluding offense, it follows that the crime necessarily "involves conduct that presents a serious potential risk of physical injury to another," as required by § 4B1.2(a)(2). Thus, we agree with the District Court that Lipscomb's 1995 conviction of second-degree eluding is a crime of violence under the categorical approach.[2]

---

[2] Because we resolve this issue under the categorical approach, we need not analyze the judicially noticeable evidence of the offense under the modified categorical approach. *See United States v. Shabazz*, 233 F.3d 730, 732 (3d Cir. 2000) ("In order to classify a prior conviction . . . , the sentencing court should begin with the language of the statute. If the statute of conviction is clear, the court should not look beyond that statute's
(continued...)

B. Reasonableness

Lipscomb contends that the District Court gave inadequate consideration to his

individual circumstances and characteristics, and that it imposed an unreasonable

sentence.

Although the Guidelines are no longer mandatory, "[t]he record must demonstrate

that the trial court gave meaningful consideration to the § 3553(a) factors."[3] *United*

------

[2](...continued)
text.").

[3]        Section 3553 provides:

(a) Factors to be considered in imposing a sentence.--The court
shall impose a sentence sufficient, but not greater than
necessary, to comply with the purposes set forth in paragraph
(2) of this subsection. The court, in determining the particular
sentence to be imposed, shall consider--
  (1) the nature and circumstances of the offense and the history
  and characteristics of the defendant;
  (2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote
    respect for the law, and to provide just punishment for the
    offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the
    defendant; and
    (D) to provide the defendant with needed educational or
    vocational training, medical care, or other correctional
    treatment in the most effective manner;
  (3) the kinds of sentences available;
  (4) the kinds of sentence and the sentencing range established
  [the offense] . . .
  (5) any pertinent policy statement . . .
  (6) the need to avoid unwarranted sentence disparities among

(continued...)

7

*States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). This court has held that district courts must follow a three-step process for sentencing. Courts must correctly calculate the defendant's Guidelines sentence; formally rule on the parties' motions and note any departures on the record; and "exercise their discretion by considering the relevant . . . § 3553(a) factors in setting the sentence they impose regardless of whether it varies from the sentence calculated under the Guidelines." *United States v. Gunter*, 527 F.3d 282, 285 (3d Cir. 2008) (citation and quotation marks omitted).

The record shows that the District Court considered the § 3553(a) factors. The Court acknowledged Lipscomb's request for a lighter sentence due to his 40-month pre-trial incarceration in an undesirable jail, and praised Lipscomb's renunciation of gang membership. It also expressed hope that Lipscomb would follow through on his stated desire to take up a trade after his release from prison. The Court concluded:

> I'm balancing the good against the bad. And there is some of both. There's a life of crime and there's a guy who wants to change his life. . . .
>
> I understand that I have discretion not to sentence him as a career offender. However, I believe that . . . he deserves it, but he also deserves recognition for the changes he's trying to make in his life. And for that reason, Mr. Lipscomb, I am going to sentence you within the guideline

---

[3](...continued)
defendants with similar records who have been found guilty
of similar conduct; and
(7) the need to provide restitution to any victims of the
offense.

18 U.S.C. § 3553(a).

8

range, but I'm not going to sentence you at the maximum of the guideline range, which is what has been recommended by probation, of 188 months. Instead, I'm going to sentence you near the lower levels of the range.

The record shows that the Court gave meaningful consideration to the § 3553(a) factors, and that it imposed a 159-month sentence "for reasons that are logical and consistent with the factors." *United States v. Severino*, 454 F.3d 206, 210 (3d Cir. 2006) (quoting *Cooper*, 437 F.3d at 330). We conclude that the sentence imposed by the District Court is reasonable.

### III.

For the reasons set forth above, we will AFFIRM the sentence.