PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———————

No. 15-1636
———————

UNITED STATES OF AMERICA

v.

JERMAINE JONES,

Appellant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-99-cr-00776-001)
District Judge: Honorable John R. Padova

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
March 1, 2016

Before: SMITH and HARDIMAN, *Circuit Judges.**

(Filed: August 17, 2016)

Joseph T. Labrum, III
Robert A. Zauzmer
Zane David Memeger
Office of the United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106
           Counsel for Appellee

Maria K. Pulzetti
Brett G. Sweitzer
Leigh M. Skipper
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street
The Curtis Center, Suite 540 West
Philadelphia, PA 19106
           Counsel for Appellant

———————

OPINION OF THE COURT

———————

---

     * The Honorable Dolores K. Sloviter assumed inactive status on April 4, 2016, after the submission date of this case, but before filing of the opinion. This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) and Third Circuit I.O.P. Chapter 12.

HARDIMAN, *Circuit Judge*.

After serving a fifteen-year federal prison sentence for being an armed career criminal who unlawfully possessed a firearm, Appellant Jermaine Jones was released to serve a five-year period of supervised release. A year later, he was arrested on drug charges. In response to this arrest, the District Court revoked Jones's supervised release and sentenced him to an additional forty months in prison. In this appeal, Jones argues that his sentence exceeds the statutory maximum because his crime of conviction should have been deemed a Class C felony instead of a Class A felony under 18 U.S.C. § 3583(e). For the reasons that follow, we will affirm.

I

In April 1999, a Norristown, Pennsylvania police officer approached Jones as he drank a beer on a public sidewalk in violation of a local ordinance. Jones fled, but was apprehended by police who discovered a gun in the area and concluded that Jones had discarded it. Jones was indicted under 18 U.S.C. §§ 922(g)(1) and 924(e) and charged with possession of a firearm by a convicted felon. In June 2000, Jones was found guilty by a jury.

The Government sought to have Jones sentenced under the Armed Career Criminal Act (ACCA), which requires a sentence of at least 180 months for anyone convicted under § 922(g) who has three or more predicate convictions for either a "violent felony" or "serious drug offense." 18 U.S.C. § 924(e). The Government argued that Jones had amassed four predicate offenses: a robbery conviction, an aggravated assault conviction, and two controlled substances convictions. Over objection, the District Court agreed that ACCA applied

3

and imposed the statutory mandatory minimum plus five years' supervised release. We affirmed Jones's judgment of conviction and sentence on direct appeal, *United States v. Jones*, 48 F. App'x 835 (3d Cir. 2002) (per curiam), and the District Court denied habeas relief, *Jones v. United States*, 2000 WL 34075804 (E.D. Pa. Oct. 23, 2003).

Jones was released from federal custody on October 9, 2013. A little over a year later, his probation officer reported that Jones had been arrested on state drug charges. After holding several hearings, the District Court determined that Jones had violated the terms of his supervised release and decided to revoke supervision and order him returned to prison.

In March 2015, the District Court held a hearing to determine the length of Jones's sentence. Under 18 U.S.C. § 3583(e)(3), the maximum permissible revocation sentence depends on the classification of "the offense that resulted in the term of supervised release." The Government argued that Jones's underlying offense is a Class A felony, which authorized a maximum revocation sentence of five years' imprisonment. Relying on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), Jones countered that he was subject to no more than two years' imprisonment because his offense is properly categorized as a Class C felony.

The District Court rejected Jones's argument as an attempt to apply *Alleyne* retroactively and classified his offense a Class A felony. After granting a downward departure, the Court imposed a revocation sentence of forty months' imprisonment. Jones appealed.

4

## II

The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3583. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

The parties dispute our standard of review. The crux of their disagreement is whether Jones preserved the argument he advances on appeal by raising it in the District Court. Although we take this opportunity to reemphasize the responsibility of litigants to raise not just all "issues" but all "arguments" in district court, *United States v. Joseph*, 730 F.3d 336, 341 (3d Cir. 2013), we need not determine whether Jones met that responsibility in this case. Because we would reach the same result under either standard of review, we will apply de novo review, which is more favorable to Jones. *United States v. Williams*, 675 F.3d 275, 277 (3d Cir. 2012) (applying de novo review in interpreting 18 U.S.C. § 3583).

## III

Several of our sister courts have held that "the validity of an underlying conviction or sentence may not be collaterally attacked in a supervised release revocation proceeding and may be challenged only on direct appeal or through a habeas corpus proceeding." *United States v. Warren*, 335 F.3d 76, 78 (2d Cir. 2003); *see also United States v. Francischine*, 512 F.2d 827, 828–29 (5th Cir. 1975); *United States v. Torrez-Flores*, 624 F.2d 776, 780 (7th Cir. 1980); *United States v. Miller*, 557 F.3d 910, 913 (8th Cir. 2009); *United States v. Simmons*, 812 F.2d 561, 563 (9th Cir. 1987); *United States v. Hofierka*, 83 F.3d 357, 363 (11th Cir. 1996) (per curiam). We join those courts today.

Jones tries to escape this straightforward rule by arguing that his appeal "does not challenge the validity of [his] underlying conviction or sentence." Reply Br. 6. He characterizes his case as a challenge to "only the district court's determination, at revocation sentencing, that his underlying offense is presently classified as a Class A felony for Section 3583(e) purposes." *Id.* In other words, Jones argues that he is appealing an error the Court made in calculating his revocation sentence rather than collaterally attacking his original conviction or sentence. We disagree with this characterization.

In light of Jones's drug charges, 18 U.S.C. § 3583(e) authorized the District Court to "revoke [his] term of supervised release" and "require [him] to serve in prison all or part of the term of supervised release authorized by statute *for the offense that resulted in such term of supervised release*." 18 U.S.C. 3583(e)(3) (emphasis added). The offense that resulted in Jones's five-year term of supervised release was unlawful possession of a firearm by an armed career criminal, in violation of 18 U.S.C. §§ 922(g) and 924(e). Jones acknowledges, as he must, that this offense was properly classified as a Class A felony at the time of his original conviction and sentencing. He nonetheless argues that two recent Supreme Court cases—*Johnson v. United States*, 559 U.S. 133 (2010) and *Johnson v. United States*, 135 S. Ct. 2551 (2015)—nullify his status as an armed career criminal and render the "present[] classifi[cation]" of his offense a Class C felony. Reply Br. 6.

Even if Jones were correct that his original offense would not include an armed career criminal designation under current law, it would have no effect on his revocation sentence because the District Court is not tasked under

Section 3583(e) with reconsidering an offender's status as an armed career criminal.[1] That determination was made in 2001, and was proper at that time. 18 U.S.C. § 3583(e)(3); *Williams*, 675 F.3d at 279 ("[The] language [of Section 3583(e)(3)] unambiguously sets the maximum prison sentence by reference to the length of supervised release statutorily authorized for the conviction offense . . . ."). This is consistent with the Supreme Court's statement that revocation sentences are part and parcel of a defendant's underlying conviction and punishment. *Johnson v. United States*, 529 U.S. 694, 700 (2000) ("[P]ostrevocation sanctions [are properly considered] as part of the penalty for the initial offense . . . ."); *see also United States v. Dozier*, 119 F.3d 239, 241 (3d Cir. 1997) ("A sentence imposed upon revocation of supervised release is most properly viewed as a consequence of the original criminal conviction.").

For these reasons, we reject Jones's efforts to bifurcate his original conviction and sentence from his revocation sentence, and to characterize this appeal as a direct challenge to a classification determination made in imposing the latter. Accordingly, we will affirm the judgment of the District Court.

---

[1] Our decision in *United States v. Turlington*, 696 F.3d 425 (3d Cir. 2012) does not support Jones's argument. There, we held that the classification of Appellant's original conviction was not subject to change under 18 U.S.C. § 3583(e) based on a statutory amendment. Those circumstances are not present here and we decline Jones's invitation to apply *Turlington* by negative implication.