**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1039
_____

UNITED STATES OF AMERICA

v.

JOSEPH R. PAIGE, IV,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 4-09-cr-00200-006)
District Judge:  Honorable John E. Jones, III

_____

Submitted under Third Circuit L.A.R. 34.1(a)
on November 5, 2018

Before:  HARDIMAN, KRAUSE and GREENBERG, *Circuit Judges*

(Opinion filed: November 8, 2018)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Joseph Paige, IV appeals the District Court's revocation of supervised release and the imposition of a below-Guidelines, six-month sentence followed by two years of supervised release. Paige's appellate counsel has submitted a brief under Third Circuit LAR 109.2 and *Anders v. California*, 386 U.S. 738 (1967), seeking to withdraw because, in his view, the appeal presents no issue of arguable merit. Having reviewed the record and provided Paige with an opportunity to respond, we will grant counsel's motion and affirm the District Court's sentence.

## I.     Background

After pleading guilty to one count of conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846, Paige received a 60-month sentence and three years of supervised release. That sentence reflected a considerable downward departure from the applicable Guidelines range for the offense level stipulated in Paige's plea deal and his criminal history category.

While on supervised release, Paige violated the conditions of his supervised release by traveling outside of the District without authorization, failing to report a couple of traffic stops to probation, and losing contact with his probation officer. After Deputy Marshals arrested Paige for these Grade C violations, Paige appeared before a magistrate judge, who explained each of the violations and his rights under Federal Rule of Criminal Procedure 32.1. Specifically, the magistrate judge apprised Paige that he had a right to counsel throughout the proceedings, to a preliminary hearing during which the

2

government would have to call witnesses who would be subject to cross-examination, and to a final revocation hearing where Paige could "raise any issues." ECF No. 383 at 5-6. Paige then orally and in writing waived his right to a preliminary hearing. On Paige's motion, the District Court rescheduled the final revocation hearing to 36 days after the filing of the petition.

At the final revocation hearing, the District Court afforded Paige and his counsel the opportunity to speak. Paige's counsel conceded the Grade C violations, and explained that—after speaking with his client about his desired disposition—Paige sought a variance from the applicable Guidelines range of 8 to 14 months based on mitigating circumstances. Paige then personally addressed the District Court, elaborating on the events that culminated in his Grade C violations and requesting leniency. The District Court explained at length why Paige's conduct warranted a custodial sentence despite these mitigating circumstances and imposed a below-Guidelines sentence of six months followed by two additional years of supervised release. Paige filed a timely notice of appeal, but his appellate counsel filed and served on his client an *Anders* brief seeking to withdraw under LAR 109.2. Paige has not submitted any response to his counsel's motion.

## II.    Discussion

When considering an *Anders* motion, we apply a two-step inquiry: We first verify that counsel's brief reflects a careful review of the record for appealable issues and

3

explains why any potential issues would lack merit.[1] *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). If the *Anders* brief evinces this considered judgment, we use it as a guide to evaluate whether the appeal presents any issue of arguable merit. *Id.* at 301.

In his brief, Paige's counsel identifies three potential issues on appeal, along with citations to pertinent excerpts of the record and legal authorities: (1) whether the District Court had jurisdiction to impose the sentence, (2) whether the revocation proceedings complied with due process and Rule 32.1, and (3) the propriety of the District Court's sentence. Counsel further notes that any potential issue raised on appeal would be subject only to plain error review for lack of a contemporaneous objection. *See United States v. Olano*, 507 U.S. 725, 733 (1993). Considering the simplicity of the proceedings below and the limited issues available on appeal from a revocation of supervised release, *see United States v. Jones*, 833 F.3d 341, 343-44 (3d Cir. 2016) (a defendant cannot collaterally attack his underlying conviction in a revocation proceeding), Paige's counsel has satisfied his obligations under LAR 109.2. Accordingly, we accept counsel's *Anders* brief and consider whether, under plain error review, any of the issues Paige's counsel identifies has arguable merit.

---

[1] We have jurisdiction over this appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

4

## A. District Court's Jurisdiction

The District Court had jurisdiction over the underlying offense under 18 U.S.C. § 3231 and the authority to revoke Paige's supervised release under 18 U.S.C. § 3583(e). On this record, any challenge to the District Court's jurisdiction would be frivolous.

## B. District Court's Compliance with Due Process and Rule 32.1

A defendant facing a petition for revocation of supervised release does not enjoy "the full panoply of rights" recognized in a criminal case, *Morrissey v. Brewer*, 408 U.S. 471, 499 (1972), but the Supreme Court has recognized certain basic due process rights, which have been codified in Rule 32.1, *see* Fed. R. Crim. P. 32.1 advisory committee note (1979). These rights include the ability to receive written notice of the charged violations, to learn the evidence held against him, to present evidence (including calling and cross-examining witnesses), and to provide a statement and any mitigating information. *See* Fed. R. Crim. P. 32.1(b)(2). A defendant's waiver of his rights under Rule 32.1 must be "knowing and voluntary under a totality of the circumstances." *United States v. Manuel*, 732 F.3d 283, 291 (3d Cir. 2013) (citation omitted). No "magic words" or specific colloquies are required, and the exchange need not be nearly as elaborate as a Rule 11 plea. *Id.* (citation omitted); *see* Fed. R. Crim. P. 11.

In this case, Paige received written notice of the alleged violations, the final hearing was held within a reasonable time after the filing of the petition, and the District Court provided Paige and his counsel the opportunity to speak. Ideally, before accepting Paige's guilty plea, the District Court should have reminded Paige that he was waiving

his right to a formal revocation hearing under Rule 32.1(b)(2). *See Manuel*, 732 F.3d at 291. However, when informing Paige of his right to a preliminary hearing, the magistrate judge had already discussed Paige's right to present evidence, to call and cross-examine witnesses, and to "raise any issues that you have at that final hearing." ECF No. 383 at 5-6. Later, at the final revocation hearing, Paige's counsel confirmed that he had discussed with his client "what outcome or . . . disposition he would like" before conceding guilt. App. 23-24. Thus, under the totality of the circumstances, Paige cannot reasonably dispute that he knowingly and voluntarily waived his right to a formal revocation hearing. And even if he had established plain error, Paige could not show that such error affected his substantial rights, given that he readily confessed during his allocution not only to several of the alleged Grade C violations, but also to using a controlled substance, which constituted yet another violation of the conditions of his supervised release.

## C. Propriety of the District Court's Sentence

During sentencing, a district court must calculate the correct guidelines range, rule on any departure motions, and determine an appropriate sentence under § 3553(a) factors, including whether to vary from the Guidelines' sentencing range. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). Here, the District Court identified the correct Guidelines range, and then provided a detailed and personalized explanation of its sentence under the relevant § 3553(a) factors. *See id.* (noting that a district court need not specifically recite each § 3553(a) factor if the record makes clear that it took the factors into account in sentencing).

6

As for the sentence's substantive reasonableness, we must affirm unless "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568. The District Court demonstrated considerable leniency by imposing a sentence two months below the applicable Guidelines range. For Paige to argue that no reasonable jurist would have imposed this below-Guidelines sentence would be frivolous.

## III. Conclusion

For the aforementioned reasons, we will grant counsel's *Anders* motion and affirm the order of the District Court. Pursuant to LAR 109.2(b), we conclude that the issues presented on this appeal lack legal merit and counsel need not file a petition for writ of certiorari in the Supreme Court.