NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2731
_____

UNITED STATES OF AMERICA

v.

WILLIAM MORRISON,
                         Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-17-cr-00143-005)
District Judge: Honorable Joy Flowers Conti

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 22, 2020

Before:  HARDIMAN, RENDELL and FISHER, *Circuit Judges*.

(Filed: September 2, 2020)
_____

OPINION*
_____

FISHER, *Circuit Judge*.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

William Morrison appeals the District Court's decision not to adjust his sentence to account for time served on an undischarged term of imprisonment under § 5G1.3(b)(1) of the United States Sentencing Guidelines. We will affirm.[1]

Morrison argues that the District Court erroneously relied upon Application Note 2(A) of § 5G1.3 because, under the interpretive inquiry demanded by *Kisor v. Wilkie*, § 5G1.3(b) is not "genuinely ambiguous."[2] This argument raises two threshold questions: whether it was preserved, and, if not, the appropriate standard of review. Morrison objected to the District Court's tentative findings on the relevant-conduct issue on June 26, 2019—the same day the Supreme Court decided *Kisor*. His only argument was that, under *Stinson v. United States*, the application note "is inconsistent with, or a plainly erroneous reading of,"[3] U.S.S.G. §§ 1B1.3(a)(2) and 5G1.3(b). Morrison's counsel reiterated this argument at the sentencing hearing, held two weeks later on July 10. No mention was made of *Kisor*. Because Morrison therefore could have, but did not, raise his *Kisor* argument before the District Court, the Government contends it was waived under *United States v. Joseph*.[4] We agree with the Government that the argument was not

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.
[2] 139 S. Ct. 2400, 2414 (2019).
[3] 508 U.S. 36, 38 (1993).
[4] 730 F.3d 336, 337 (3d Cir. 2013) (holding "that for parties to preserve an argument for appeal, they must have raised the same argument in the District Court—merely raising an issue that encompasses the appellate argument" results in waiver of the argument (emphases omitted)).

preserved,[5] but we will review for plain error.[6]

Under that standard, even assuming that the District Court erred in failing to consider the effect of *Kisor* on its interpretation of the Guidelines and that the error was plain, Morrison's argument still fails because the error did not "affect[] [his] substantial rights."[7] There is not, in our view, "a reasonable probability that, but for [the District Court's error], the result of the proceeding would have been different."[8] Application Note 2(A) puts into words what is already clear from the text of the Guideline: that *all* of the prior offense for which the defendant has an undischarged term of imprisonment must constitute relevant conduct for purposes of § 5G1.3(b), and that anything short of that is covered by § 5G1.3(d).

Subsection (b) provides that the undischarged term must have "resulted from another offense that is relevant conduct to the instant offense of conviction."[9] An "offense" is "[a] breach of law," or, alternatively, "[a]n illegal act or omission; a punishable crime."[10] It is axiomatic that to be convicted of a crime, a defendant must be

---

[5] *See United States v. Jones*, 833 F.3d 341, 343 (3d Cir. 2016) (emphasizing, in a sentencing appeal, "the responsibility of litigants to raise not just all 'issues' but all 'arguments' in district court" (quoting *Joseph*, 730 F.3d at 341)).

[6] *See Davis v. United States*, 140 S. Ct. 1060, 1061-62 (2020) (per curiam); *United States v. Dahl*, 833 F.3d 345, 349 (3d Cir. 2016); *United States v. Stinson*, 734 F.3d 180, 184 (3d Cir. 2013).

[7] *United States v. Olano*, 507 U.S. 725, 732 (1993) (quoting Fed. R. Crim. P. 52(b)).

[8] *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985) (opinion of Blackmun, J.)).

[9] U.S.S.G. § 5G1.3(b).

[10] *Offense*, Oxford English Dictionary (3d ed. 2004); *see also Offense*, Black's Law

found "guilty of every element of the crime with which he is charged, beyond a reasonable doubt."[11] It follows that for an "offense" of which a defendant has been convicted and sentenced to be relevant conduct to an instant offense—and thus for § 5G1.3(b) to apply—the actions satisfying every element of the prior offense must be relevant conduct.[12]

Subsection (d) in turn provides for all situations where the entire prior offense is not relevant conduct to the instant offense. "In *any other case* involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term."[13] Thus, as relevant here, when subsection (b) does not apply, the sentencing court may still, as under § 5G1.3(b)(2), impose a sentence to run concurrently to the undischarged term, but it may not also adjust the instant sentence for time served on the prior term, as it is obliged to do under § 5G1.3(b)(1). "[T]he Guidelines," the Supreme Court has said, "explicitly contemplate the possibility of separate prosecutions involving the same *or overlapping* relevant conduct."[14]

---

Dictionary (11th ed. 2019) (defining "offense" as "[a] violation of the law; a crime").

[11] *United States v. Gaudin*, 515 U.S. 506, 510 (1995).

[12] The Guidelines' commentary defines "offense" as "the offense of conviction and all relevant conduct under § 1B1.3 . . . unless a different meaning is specified or is otherwise clear from the context." U.S.S.G. § 1B1.1 cmt. n.1(I). To the extent our interpretation differs from this definition, we think this is one of those instances where the meaning is "clear from the context."

[13] U.S.S.G. § 5G1.3(d) (emphasis added).

[14] *Witte v. United States*, 515 U.S. 389, 404 (1995) (emphasis added) (internal quotation

In sum, even assuming the District Court erred in not conducting a *Kisor* inquiry, the error did not affect the outcome of Morrison's proceeding. Reliance on Application Note 2(A) produces the same result as a plain reading of the Guideline text: if—as the District Court found—Morrison's Ohio offense constituted only partly relevant conduct to his Pennsylvania offense,[15] then subsection (d) applied, and the best Morrison could hope for is what he got—a concurrent running of the sentences.

By this same logic, we reject Morrison's additional arguments. First, Application Note 2(A) is not "inconsistent with, or a plainly erroneous reading of,"[16] either § 5G1.3 or the relevant-conduct provisions of § 1B1.3(a)(1)-(3). Again, the application note merely explains what is already clear from the text—that § 5G1.3(b) applies only when the entire prior offense is relevant conduct to the instant offense. Second, because Application Note 2(A) is consistent with the Guideline text, and because the District Court made clear that it found Morrison's Ohio offense to be only partly relevant conduct, we reject, on any standard of review, Morrison's argument that the application note was "wholly inapplicable."[17]

For the foregoing reasons, we will affirm the judgment of the District Court.

---

marks omitted).

[15] Importantly, Morrison does not challenge the District Court's factual finding on this matter.

[16] *Stinson*, 508 U.S. at 38. Because Morrison properly preserved his *Stinson* argument, our review of the District Court's interpretation under that standard is plenary. *United States v. Fountain*, 792 F.3d 310, 318 (3d Cir. 2015).

[17] Appellant's Br. at 36.