NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3146
_____

UNITED STATES OF AMERICA

v.

JAMES LIPSCOMB,
                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-16-cr-0147-001)
District Judge:  Honorable Nora B. Fischer
_____

Submitted Under Third Circuit LAR 34.1(a)
January 25, 2021

Before:  JORDAN, MATEY, *Circuit Judges*,
and HORAN,* *District Judge*.

(Filed: January 27, 2021)
_____

OPINION**
_____

---

* Honorable Marilyn Horan, United States District Judge for the Western District
of Pennsylvania, sitting by designation.

** This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

JORDAN, *Circuit Judge*.

After serving a sentence of 159 months' imprisonment for committing armed robbery, James Lipscomb began to serve a three-year term of supervised release. Less than a year later he was arrested and convicted of conspiring to distribute heroin. That conviction constituted a Grade A violation of his supervised release. The District Court accordingly revoked the release and sentenced him to 24 months' imprisonment (the "revocation sentence") to run consecutively to the conspiracy sentence. On appeal, Lipscomb challenges his revocation sentence as procedurally unreasonable, claiming the Court erred when it failed to consider that he had allegedly overserved his original armed robbery sentence. For the reasons that follow, we will affirm.

I.      **BACKGROUND**

On March 30, 2004, Lipscomb pled guilty to armed robbery, in violation of 18 U.S.C. § 1951. He was sentenced as a career offender, predicated on two prior convictions: a 1994 robbery conviction and a 1998 conviction for eluding police. *See* U.S.S.G. § 4B1.1(a) (defining career offender). As a result of his career offender status, the calculations called for by the Federal Sentencing Guidelines recommended Lipscomb's offense level be raised eight points and his criminal history category be changed from V to VI. Consequently, his sentencing range became 151 to 188 months' imprisonment plus two to three years of supervised release. *See* U.S.S.G.§ 4B1.1(b). Consistent with that recommendation, the District Court ordered Lipscomb to serve 159 months' imprisonment and three years' supervised release (the "original sentence"). Lipscomb appealed the original sentence, claiming that, because his conviction for

2

eluding police was not a "crime of violence," the District Court erroneously categorized him as a career offender. We rejected that argument and affirmed the original sentence as well as Lipscomb's status as a career offender in *United States v. Lipscomb*, 285 F. App'x 877, 880 (3d Cir. 2008). At that time, the Sentencing Guidelines' definition for "crime of violence" included a residual clause for any conviction, punishable by more than one year imprisonment, that "involves conduct that presents a serious potential risk of physical injury to another." *Id.* (quoting U.S.S.G. § 4B1.2(a) (2007)). We concluded that "[b]ecause creating a 'risk of death or injury to any person' was an element of Lipscomb's [1998] second-degree eluding offense, it follows that the crime necessarily 'involves conduct that presents a serious potential risk of physical injury to another[,]'" and thus constituted a crime of violence under the categorical approach. *Id.* (quoting N.J. Stat. Ann. § 2C:29-2(b) (1995)).

After completing his original sentence, Lipscomb was released from prison on August 6, 2015. Then, in July of 2016, he was arrested and charged with conspiracy to distribute and to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846. He pled guilty. Because the commission of a crime violated the conditions of the supervised release Lipscomb was serving as part of his original sentence for the 2004 armed robbery conviction, the District Court issued a warrant for his appearance at a hearing to consider revocation of his release.

At a combined hearing on Lipscomb's heroin conspiracy conviction and his supervised release violation, the District Court accepted Lipscomb's admission to violating the terms of his supervised release, found his admission consistent with his

3

guilty plea on the heroin conspiracy charge, and revoked the supervised release. Lipscomb asked the Court to make his revocation sentence run concurrently with his conspiracy sentence because "he [had] served approximately five years of time as a career offender previously … when the courts later decided he shouldn't have been a career offender, too late to provide him relief." (App. at 42.) He cited no evidence for his claim that a court had determined he was not a career offender. Although the District Court acknowledged Lipscomb's argument for concurrent sentences, it ultimately chose to run the sentences consecutively because "the significance … of the heroin dealing and the significant amount of heroin dealing, in [the Court's] estimation, countered against making that sentence concurrent in whole or in part." (App. at 56.) Ultimately, the Court sentenced Lipscomb to consecutive sentences of imprisonment: 156 months for the heroin conspiracy conviction plus five years' supervised release,[1] and 24 months for the supervised release violation. Lipscomb timely appealed.

## II.    DISCUSSION[2]

Lipscomb challenges the consecutive nature of his revocation sentence as being procedurally unreasonable. He contends that the District Court failed to meaningfully consider the allegedly inequitable length of his original sentence for armed robbery as a

---

[1] The Court adopted the agreed-upon sentence for Lipscomb's drug offense, pursuant to the parties' plea agreement. That sentence is not on appeal.

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. The District Court had jurisdiction pursuant to 18 U.S.C. §§ 3231 and 3583.

4

basis for ordering his revocation and drug sentences to run concurrently. That, he says, was plain error.[3] We disagree.

## A. The District Court has no obligation to consider sentencing arguments lacking colorable legal merit or a factual basis.

Even setting aside the heavy burden Lipscomb faces on plain-error review, we reject his argument because it has neither colorable legal merit nor a basis in fact. *See United States v. Jones*, 833 F.3d 341, 343-44 (3d Cir. 2016) (prohibiting a challenge to the validity of an underlying sentence through a collateral attack in a supervised release revocation proceeding). It is true that, under our established sentencing framework, district courts are obligated to "acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis." *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (quoting *United States v. Begin*, 696 F.3d 405, 411 (3d Cir. 2012)). And it is also true that "[f]ailure to give 'meaningful consideration' to any such argument [will] render[ ] a sentence procedurally unreasonable," which "generally requires a remand for resentencing." *Id.* (citation omitted). But no obligation arises when the sentencing argument lacks any such merit or basis, and that is the case here.

---

[3] Our review is for plain error when, as in this case, a defendant fails to "raise a[ ] procedural objection to his sentence at the time the procedural error [was allegedly] made[.]" *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). On plain-error review, Lipscomb must prove there was an actual error that is plain or obvious, that affected "the outcome of the district court proceedings[,]" and that "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 734-36 (1993) (citations omitted).

Lipscomb argues that, "in terms of equity," the Court should have considered running concurrent sentences because he had already "served approximately five years of time as a career offender previously … when the courts later decided he shouldn't have been a career offender, too late to provide him relief." (App. at 42; *see also* Opening Br. at 2 (contending that a concurrent revocation sentence is "appropriate" because he already served approximately five or six "years of additional time on his original sentence based on a later invalidated career offender predicate").) But he does not offer any grounds to support that claim. In fact, when he appealed his original sentence, we rejected the proposition that he was not a career offender. *See Lipscomb*, 285 F. App'x at 880. And we are aware of no subsequent determinations that would undermine our prior decision. *Compare Johnson v. United States*, 576 U.S. 591, 597 (holding the residual clause of the ACCA's definition for "crime of violence" unconstitutional), *with Beckles v. United States*, 137 S. Ct. 886, 890 (2017) (rejecting a constitutional challenge to the residual clause of the Sentencing Guidelines' definition for "crime of violence"; rejecting the adoption of *Johnson* in the context of the Sentencing Guidelines).

At sentencing, "the District Court [was] not tasked … with reconsidering [Lipscomb's] status as a[ ] … career criminal. That determination was made in [the past], and was proper at the time." *Jones*, 833 F.3d at 344 (footnote omitted) (citations omitted). "[T]he validity of an underlying … sentence may not be collaterally attacked in a supervised release revocation proceeding[.]" *Id.* at 343 (citations omitted). Because the validity of Lipscomb's underlying sentence "may be challenged only on direct appeal or through a habeas corpus proceeding," his argument lacks any colorable legal merit. *Id.*

6

(citations omitted).  Accordingly, we reject his attempt to "escape this straightforward rule by" claiming procedural error.  *Id.* at 344.

**B.      The District Court meaningfully considered Lipscomb's sentencing argument.**

Even if Lipscomb's arguments had colorable legal merit, the record makes clear that the District Court did, in fact, meaningfully consider them.  But after weighing them against the facts of his heroin conspiracy offense – the offense that gave rise to his supervised release revocation – the Court ultimately determined that "the significance … of the heroin dealing and the significant amount of heroin dealing, in [the Court's] estimation, countered against making [Lipscomb's] sentence concurrent in whole or in part."  (App. at 56.)  That determination plainly articulates why the Court rejected his request for concurrent sentences, and we perceive no error, certainly not plain error, in that reasoning.

## III.    CONCLUSION

Accordingly, we will affirm the District Court's sentence.